## Mayer Unemployment Compensation Case.

Argued April 12, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Samuel R. DiFrancesco, Jr.,* with him *DiFrancesco & DiFrancesco,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., June 15, 1960:

This is an appeal in an unemployment compensation case where the only question is whether the claimant voluntarily retired and went on pension or whether he

was compelled to do so by his employer, the Bethlehem Steel Company, Johnstown, Pennsylvania. The bureau refused compensation. The referee allowed compensation. The board reversed the referee and denied compensation. The claimant appealed.

The board found as facts that "3. Sometime in the first half of 1959, pursuant to the annual survey, the claimant was again asked if he was going to retire. He advised management that he wished to accept his pension in accordance with his intentions stated in 1958.

"4. The claimant's retirement was not compulsory; and continued employment was available to him had he not advised his employer that he wished to retire."

In the *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271, we stated: " 'The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. Our duty is performed by studying the testimony in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it.' Stillman Unemployment Compensation Case, 161 Pa. Superior Ct. 569, 575, 56 A. 2d 380 (1948)."

The facts as found by the Board of Review, after considering all of the evidence and the reasonable inferences to be drawn therefrom, if supported by competent testimony, are binding upon us: *Davis Unemployment Compensation Case*, 187 Pa. Superior Ct. 116, 118, 144 A. 2d 452.

We have carefully reviewed the record and are convinced that there was sufficient competent testimony to support the board's findings. There was a conflict between the testimony of the appellant and that of his employer. The appellant maintained that he was forced to go on pension. Mr. Eckstein, the employer repre-

sentative, testified as follows: "Mr. Edward Mayer last worked June 28, 1959, voluntarily applied for and placed on pension on July 1, 1959. At the time Mr. Mayer did not request lighter work.

"Bethlehem Steel Company Pension Plan is noncompulsory. Any employee reaching age 65 and having 15 or more years of service may if he prefers continue to work after age 65. Once a year a pension survey is made of each employee 65 years of age. This survey is made for statistical purposes and to determine future force adjustment and is in no way used as a means of telling the employee to go on pension."

Mr. Roach testified in behalf of the employer as follows: "Yes, when I first took over as Chief, I had to make contacts of everyone past age 65 in our department. Mr. Mayer happened to be among those contacted early in '58. When I made inquiry, Mr. Mayer was brought to my office and I talked to him about his intentions concerning retirement, whether he intended to retire in '58 or not and his answer was, 'I have a story, I would like to work for one more year' because he had some things to take care of, what they were was none of my business. At that time he said he intended to retire during the next year, early in '59. When I again contacted these same people I had Mr. Mayer brought to my office—when he came in I asked him what he thought about pension and he said to me at that time, 'I don't know why you brought me to talk about it, I told you last year what I intended to do.' I also have a witness to that effect. I later talked to him and suggested July 1st as a retirement date. I assumed everything was o.k. I received no protest concerning continuing work. I haven't as yet heard anything from Ed himself." Mr. Roach also testified that he told the appellant that retirement was not compulsory.

Mr. Roach, on cross-examination, also testified:

"Q. You are in direct conflict with Mr. Mayer's testimony on record that at that time, 1959, when he was called to your office, that he flatly refused to retire? A. He did not say a word—offered no objection whatsoever."

Counsel for appellant argues that this case is controlled by *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 153 A. 2d 906. In *Gianfelice* there was a provision in the collective bargaining agreement which provided for compulsory retirement. In the present case there was no such contractual provision. Furthermore, there was no company policy in the present case that compelled retirement at any age. In the present case there was a company policy that permitted the employee to retire at age 65 if he desired to do so. If he did not desire to retire he could continue to work, as the present appellant did until he reached his 74th birthday. The factual matrix at the time of separation in these two cases is entirely different. The present case is controlled by *Campbell Unemployment Compensation Case*, 180 Pa. Superior Ct. 74, 117 A. 2d 799.

We have repeatedly ruled that an employee who voluntarily retires is disqualified from receiving unemployment compensation benefits under the provisions of §402(b) of the Unemployment Compensation Law, 43 PS §802(b).

Decision affirmed.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I dissent from the majority in this case because I can find no evidence that gives sufficient support to the Board's finding that claimant retired voluntarily.

It is apparent that it was the practice of the employer to urge employees over the age of 65 years to consider retirement. In 1958 claimant was solicited

and declined. In 1959 he was again solicited but made no affirmative statement of an intention to retire. Mr. Roach, the employer's representative, said that he had suggested to claimant July 1 as a retirement date and, hearing nothing further from claimant, "assumed everything was o.k." As against this, claimant denies he ever retired. This is corroborated to some extent by Mr. Roach when he repeated that he had told claimant that retirement was not compulsory. This indicates to me that claimant, rather than voluntarily retiring, had asked the question, "Must I retire?" It appears that the employer relies heavily on a statement made by claimant in 1958 when he declined to retire. At that time he is supposed to have said that he wanted another year. This, also, was denied; but even if the statement had been made, it would not have the effect of a declaration of retirement, which meaning the employer seeks to give it.

But what is most convincing that claimant did not retire is the fact that he returned to work after his regular three weeks vacation and it was only then that he learned that he had been pensioned along with eight other older employees.

I think the only facts to be accepted as established by the testimony were those found by the referee:

(3) Claimant was desirous of continuing employment.

(4) Claimant is able and available for work.

I would reverse the decision of the Board.