Hackey Unemployment Compensation Case.
Quality Bakery, Appellant, *v.* Unemployment
Compensation Board of Review.

Argued November 17, 1960.  Before RHODES, P. J.,
WRIGHT, WOODSIDE, ERVIN, WATKINS and MONTGOMERY,
JJ. (GUNTHER, J., absent).

*Carroll Caruthers*, with him *Frank A. Rugh*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with
him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY RHODES, P. J., December 14, 1960:

This is an unemployment compensation case in
which the claimant, Gary P. Hackey, was granted
benefits by the Board of Review affirming the referee.
The employer, Quality Bakery, has appealed from the
board's decision.

Claimant was employed as a baker for a year and
a half by the Quality Bakery, Jeannette, Pennsylvania.
On May 7, 1960, at the completion of his day's work,
claimant was discharged without notice or explanation.  At the referee's hearing, appellant, through one
of the partners, admitted that prior to claimant's dismissal no threat or warning of dismissal was ever
made.  Appellant admitted that claimant was a good

worker but that on occasions he "misjudged" the amount of baked goods needed. When he baked an oversupply claimant was reminded to reduce the amount. Although he repeatedly requested appellant to designate the amount he was to produce, this request was never fulfilled, thereby requiring claimant to use his own best judgment. Claimant insisted that he never deliberately over-produced and always did his work to the best of his judgment and ability. Appellant stated that the reason for the discharge of claimant was his over-production of baked goods. Claimant stated he was able and available for work, and, if he had not been discharged, he would have continued working as he had no desire to terminate his employment.

The referee and the board, while not challenging the right of an employer to discharge an employe whose services are unsatisfactory to him, allowed the claim because there was insufficient evidence to render the employe guilty of any willful misconduct in connection with his work under section 402(e) of the Unemployment Compensation Law, 43 PS §802(e).

Appellant first argues that it was denied a reasonable opportunity for a fair hearing before the referee under section 502 of the Unemployment Compensation Law, 43 PS §822. Although neither of the parties was represented by counsel at the hearing before the referee, they were given every opportunity to present evidence and to testify in support of their respective positions. Ordinarily it is not incumbent upon the referee to inquire why the parties are not represented by counsel, nor is it his duty to advise them that they are entitled to counsel. The parties testified at length and were not hampered in any way from testifying freely and as they desired. No further hearings were requested by appellant to present additional or new

testimony. After reviewing the record, we feel that a fair hearing was conducted by the referee.

Finally, appellant argues that the board erred in adopting the findings of the referee on the basis that they were inadequate and not supported by the evidence.

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom were for the board as the ultimate fact-finder. *Johnson Unemployment Compensation Case,* 192 Pa. Superior Ct. 283, 284, 161 A. 2d 626. The referee is the agent of the board, and, although it has the power to affirm, modify, or reject the findings of the referee, it cannot properly adopt findings which are manifestly inadequate without making a further independent review and additional findings. *Hamilton Unemployment Compensation Case,* 181 Pa. Superior Ct. 113, 119, 120, 124. A. 2d 681.

After reviewing the testimony, the board adopted the referee's finding that there was nothing in the record which would warrant the conclusion that claimant was guilty of willful misconduct in connection with his work within the reasoning of section 402(e). Willful misconduct has been frequently defined. See *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 147, 141 A. 2d 410. The employer vested discretion in the employe, and the subsequent dissatisfaction with the employe's exercise of that discretion, in the absence of showing abuse, does not render such employe guilty of willful misconduct in connection with his work. See *Taylor Unemployment Compensation Case,* 170 Pa. Superior Ct. 119, 121, 84 A. 2d 521.

The facts as found by the board, after considering all of the evidence and the reasonable inferences to be drawn therefrom, are supported by competent evidence

and are therefore binding on this Court.   See section 510 of the Unemployment Compensation Law, 43 PS §830.

The decision of the Board of Review is affirmed.