Craven Unemployment Compensation Case.

Argued March 21, 1961. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Richard S. Hoffmann,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with
him *Anne X. Alpern,* Attorney General, for Unemploy-
ment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., April 13, 1961:

This appeal from a decision of the Unemployment
Compensation Board of Review denying a claim for
unemployment benefits presents the question of wheth-
er the record supports the findings and conclusions of
the Board that the claimant voluntarily left his em-
ployment without cause of a necessitous and com-
pelling nature.

The Board found as facts that the claimant was
last employed by the H. K. Porter Company in Phila-
delphia for a period of 46 years and 10 months; that
his last day of work was May 13, 1960; that employes
who are 65 years old or older and who have 15 or
more years of service with the company are eligible to
retire under the union-management contract and em-
ployes may remain with the company after age 65
with the consent of the pension committee until the
compulsory retirement age of 68; that the claimant
was permitted to continue working after he reached
65, but during the last year of the claimant's employ-

ment the work became too heavy for him and he asked to be placed on pension. The claimant, without requesting lighter work, was retired at his own request on May 27, 1960, at $52.50 per month.

If they are supported by competent testimony, the facts as found by the Board of Review after it considers all the evidence and the reasonable inferences to be drawn therefrom are binding upon this Court. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452; *Stillman Unemployment Compensation Case,* 161 Pa. Superior Ct. 569, 56 A. 2d 380.

Section 402(b)(1) of the Unemployment Compensation Law, as amended, 43 P.S. §802(b)(1), provides: "An employe shall be ineligible for compensation for any week—In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." This Court has repeatedly ruled that voluntary retirement disqualifies a claimant from benefits. *Campbell Unemployment Compensation Case,* 180 Pa. Superior Ct. 74, 117 A. 2d 799; *Hall Unemployment Compensation Case,* 160 Pa. Superior Ct. 65, 49 A. 2d 872.

In the present case the claimant testified that he could not continue to perform his regular duties because of his age and physical condition. In a "Retirement Questionnaire" submitted to the Bureau of Employment Security, he stated that he had requested retirement because the work was getting too heavy. He further stated that he did not ask the employer for lighter work. To the question, "Did your employer inform you that he had no lighter work available for you?" claimant replied with an unequivocal, "No."

The appellant at the remand hearing endeavored to establish that he was forced to retire under doctor's orders, but the testimony of the claimant's own witness failed to support that contention. The burden of

establishing good cause for leaving his employment was on the claimant. He failed to meet this burden. The Unemployment Compensation fund was not intended to be used to compensate individuals who choose to voluntarily retire from their jobs to accept a pension.

After considering the testimony in the light most favorable to the party in whose favor the Board has found, we have concluded that there was sufficient competent evidence to sustain the Board's findings that the claimant voluntarily retired and left his employment without cause of a necessitous and compelling nature.

Decision affirmed.