Mayo Unemployment Compensation Case.

Argued November 17, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Charles Mayo,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., December 14, 1961:

Claimant was last employed by the Gulf Oil Corporation, Pittsburgh, Pennsylvania, as a warehouseman, tank gauger, and truck loader. His last day of work was July 28, 1960. Claimant alleges that he was forced into retirement by the abolition of his particular job. He was offered a job as a tractor-trailer driver but was unable to pass the driver's test, and the only other opening was that of a tire repairman, which he was unable to accept because of a hernia condition. However, the claimant has failed to meet the burden of establishing that these circumstances constituted a compelling and necessitous reason for his separation and retirement.

The Bureau of Employment Security, the Referee, and the Board of Review all concluded from the facts that the claimant voluntarily terminated his employment and was disqualified from receiving benefits. This Court is bound by the facts as found by the Board of Review after they have considered all the evidence and the reasonable inferences to be drawn therefrom, if supported by competent testimony. *Lodge Unemployment Compensation Case,* 194 Pa. Superior Ct. 626, 169 A.

2d 305; *Antinopoulas Unemployment Compensation Case*, 185 Pa. Superior Ct. 76, 137 A. 2d 921.

Here, the employer's pension plan has a normal retirement age of sixty-five years, but the Board of Review found as a fact that the claimant, who was 58 years of age, voluntarily elected to retire and accept his pension. This finding is supported by the claimant's own testimony, as clearly shown by his answers to the Referee's questions:

"Q. So you elected to retire early and take your pension? A. Yes. Q. Were you able to do your work? A. Yes. Q. It was your decision to retire, was it not? A. That's right."

This Court has held repeatedly that an employe who voluntarily retires from his employment is disqualified from receiving benefits under the provisions of section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. 802(b)(1). *Craven Unemployment Compensation Case*, 195 Pa. Superior Ct. 136, 169 A. 2d 336; *Hall Unemployment Compensation Case*, 160 Pa. Superior Ct. 65, 49 A. 2d 872.

Decision affirmed.