## Homer Unemployment Compensation Case.

Argued April 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Michael Halliday,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., June 13, 1962:

Claimant was last employed by the Aluminum Company of America at its plant in New Kensington, Pennsylvania. He had continuous service with this company for a period of twenty years, and his last day of employment was February 24, 1961. The age of the claimant at the time of his retirement was 66. It is the claimant's contention that he was coerced into retiring by the continuous pressure of company officials from the time he reached the age of 65, and that he finally became so disgusted with this pressure that he agreed to retire. The company's retirement plan was not compulsory and the record shows that continued employment was available to the claimant, and that he was able to do the work assigned to him. Claimant, on August 1, 1960, requested retirement effective March 1, 1961. He immediately applied for unemployment compensation benefits, and the Bureau of Employment Security found him disqualified from eligibility, stating that there was a voluntary retirement on his part. The referee reversed the bureau's decision, and upon appeal of the company, the Board of Review reversed the referee on the ground that claimant failed to show cause of a necessitous and compelling nature for voluntarily terminating his employment, and was therefore ineli-

gible for benefits under section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. 802(b)(1).

Where an employe who desires to work is forced to retire, he is entitled to unemployment compensation benefits. *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A. 2d 906. However, when an employe requests retirement under a non-compulsory plan when work is available, he is ineligible for benefits. *Mayer Unemployment Compensation Case,* 192 Pa. Superior Ct. 504, 161 A. 2d 660; *Blumberg Unemployment Compensation Case,* 191 Pa. Superior Ct. 479, 159 A. 2d 243.

There is nothing in the record in this case to substantiate the claimant's contention that he was coerced into retirement. It is apparent that under company policy retirement must be voluntary, and there is no way that the company can force an employe to retire. Claimant states that he was asked many times if he would retire, that he was asked three times in one day, and at one time was threatened with discharge if he did not retire. Since there was no way to force retirement upon the claimant, and since the alleged threat of discharge could have easily been dispelled by reporting it to the union, the claimant has failed to show any compelling and necessitous reason for terminating his employment by requesting retirement. We therefore conclude that the evidence substantiates the findings of the board that the retirement was voluntary, and we are bound by these findings.

Decision affirmed.