Angelina Paoloco, Appellant, *v.* Commonwealth
of Pennsylvania, Unemployment Compensation
Board of Review, Appellee.

Argued September 11, 1973, before Judges CRUM-
LISH, JR., MENCER and BLATT, sitting as a panel of
three.

*Morton Abrams*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 27, 1973:

Until June 23, 1971, Angelina Paoloco (claimant), then aged 66, was employed by Baker's Clothes as an armhole baster. She left her employment on that date, and she has since been receiving both social security benefits and a union pension. She has also applied for unemployment compensation benefits, but these were denied by the Bureau of Employment Security (Bureau) on the ground that, inasmuch as Baker's Clothes did not have a compulsory retirement policy, her leaving employment was voluntary and did not entitle her to such benefits. The referee and the Unemployment Compensation Board of Review (Board) each in turn affirmed the Bureau's decision.

It is well established that a voluntary retirement constitutes a voluntary leaving of work without cause of a necessitous and compelling nature, and that it thus renders the individual concerned ineligible for benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(b) (1). *Walker Unemployment Compensation Case*, 202 Pa. Superior Ct. 231, 195 A. 2d 858 (1963); *Greenaway Unemployment Compensation Case*, 201 Pa. Superior Ct. 80, 191 A. 2d 710 (1963); *Mayo Unemployment Compensation Case*, 196 Pa. Superior Ct. 593, 176 A. 2d 159 (1961). "[W]hen an employee requests retire-

ment under a noncompulsory plan when work is available, he is ineligible for benefits." *Homer Unemployment Compensation Case,* 198 Pa. Superior Ct. 189, 191, 181 A. 2d 865, 866 (1962).

It is clear, of course, that we must affirm findings and decisions of the referee or the Board, as the case may be, when they are supported by substantial evidence (and absent an error of law or a showing of fraud). *General Motors Corporation Unemployment Compensation Cases,* 9 Pa. Commonwealth Ct. 221, 306 A. 2d 399 (1973); *United States Steel Corporation v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 206, 303 A. 2d 852 (1973). And it was found here by the referee, and affirmed by the Board, that the claimant did retire voluntarily, even though continuing work would have been available for her had she chosen to remain. A review of the record clearly discloses, too, that there was sufficient testimony, especially by representatives of Baker's Clothes, on which to base the finding made. The claimant's argument is that she was coerced into retiring by her supervisor out of "spite." If there was any pressure on her to retire, however, she was still under no obligation to comply, and, if she had resisted the pressure, she would presumably still be employed. *See Homer, supra; Kaman Unemployment Compensation Case,* 192 Pa. Superior Ct. 509, 161 A. 2d 663 (1960). It is worthy of note, moreover, that she did not actually leave employment until her earlier application for social security benefits had been allowed and the payment of such benefits had actually begun.

The claimant has complained of the procedure at the hearing before the referee, where she was unrepresented by counsel. She argues that the referee should have advised her of her right to an attorney, of her right to offer witnesses in her own behalf and of her right to cross-examine other witnesses. Although it

might have been preferable if the referee had so advised an unrepresented claimant, we cannot say that he is required to give such advice. As our Superior Court has said: "Ordinarily it is not incumbent upon the referee to inquire why the parties are not represented by counsel, nor is it his duty to advise them that they are entitled to counsel. The parties testified at length and were not hampered in any way from testifying freely and as they desired. No further hearings were requested by appellant to present additional or new testimony. After reviewing the record, we feel that a fair hearing was conducted by the referee." *Hackey Unemployment Compensation Case,* 194 Pa. Superior Ct. 79, 81-82, 166 A. 2d 303, 305 (1960). It is true, of course, that the referee may not deny the above stated rights to claimant, if claimed, but there is no evidence of such claim or denial thereof in the record here. *Cf. Klink v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 62, 289 A. 2d 494 (1972).

Lastly, it is objected in behalf of the claimant that she does not have an adequate understanding of the English language and so could not understand the proceedings before the referee or the Board. While a review of the record does disclose that her answers to questions were not always coherent, they were still comprehensible and they generally appeared responsive to the questions asked. We believe that they indicated a sufficient familiarity with the language on the claimant's part so that her rights were in no substantial way prejudiced. She seems to have understood both what the rules were and what she was being asked.

For the above reasons, therefore, we issue the following

### Order

Now, September 27, 1973, the Order of the Unemployment Compensation Board of Review as to the claim of Angelina Paoloco is hereby affirmed.