Pauline H. Peluso, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Submitted on briefs January 10, 1974, to Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*James C. Lanshe,* with him *Lanshe & Lanshe,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, February 22, 1974:

This is an appeal filed by Pauline H. Peluso (Peluso) from an order of the Unemployment Compensation Board of Review (Board), dated April 26, 1973, in which the Board affirmed its referee's adjudication denying unemployment compensation benefits to Peluso.

Peluso had been employed as a "knitter" by the Walgo Knitting Mills, Inc. (Walgo) of Allentown from May 20, 1972 to July 22, 1972. On this latter date, she was discharged for absenteeism. On August 2, 1972, Peluso applied for unemployment compensation benefits which originally were granted by the Bureau of Employment Security. Walgo appealed this adjudication, and a hearing was held before a referee of the Board on September 29, 1972. Peluso did not attend, nor was she represented at the hearing. Based upon the record made, the referee found that Peluso "had incurred a very unsatisfactory absentee record, and she had been warned on several occasions about her conduct

in this regard." The referee also found that Peluso had not reported all of her absences to her employer, and throughout the eight weeks of her employment she had not worked a full 40-hours during any given week. Peluso, being unsatisfied with that result, appealed to the Board, and a remand hearing was ordered. At the second hearing, while acknowledging some absenteeism, Peluso stated that her absences and lateness were due to illness and transportation problems. She further denied the statement of Walgo's personnel witness that she had failed to notify Walgo of her absences caused by illness. Thereafter, the Board reviewed the record and affirmed the adjudication of the referee denying Peluso any benefits.

In her appeal to this Court, Peluso contends only that her absenteeism having been caused by illness was absenteeism for good cause and therefore could not be characterized as wilful misconduct, under Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P. L. (1937) 2897, as amended, 43 P.S. §802(e).

Our scope of review in unemployment compensation cases is confined to questions of law, and absent fraud, a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board. Furthermore, the party victorious below is to be given the benefit of any inferences which may reasonably and logically be drawn from the evidence. *See Hinkle v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 512, 308 A. 2d 173 (1973) ; *James v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972).

Section 402(e) of the Act provides in pertinent part that an employe shall be ineligible for unemployment compensation for any week: "(e) In which his unemployment is due to his discharge or temporary suspen-

sion from work for wilful misconduct connected with his work. . . ." Although Section 402(e) of the Act does not define the term "wilful misconduct," the courts have established a workable definition. In *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965), wilful misconduct is defined as: "[A]n act of wanton or wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."

It has also been established that employe absences without notice in violation of the employer's rules is behavior which constitutes wilful misconduct. *See Horan v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 194, 300 A. 2d 308 (1973). In this case, the referee found as a fact that Peluso had been warned about her absences. This finding is especially detrimental to Peluso since a prior warning is not even a requisite to a discharge for misconduct. *Cf. Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A. 2d 299 (1973).

It is true, as Peluso contends, that if her absences were due to illness, and she had notified her employer that she would be absent because of her illnesses, such conduct would not be deemed to be wilful misconduct. *See Quinn v. Unemployment Compensation Board of Review,* 197 Pa. Superior Ct. 346, 178 A. 2d 797 (1962); and *Flynn Unemployment Compensation Case,* 174 Pa. Superior Ct. 71, 98 A. 2d 490 (1953). Peluso's problem, however, is that there is a finding of fact made by the referee and affirmed by the Board which states that

she had not reported all of her absences to her employer. Furthermore, the record establishes that the nature of her illness was never disclosed until the second hearing held in this matter.

In reality, the final determination of this case depends upon the resolution of the conflicting testimony of the employe and her employer. As we have already noted, the Board is the trier of the facts, and it is the Board's responsibility to weigh the evidence and determine the facts of the case, which this Court cannot change or alter except for a manifest abuse of discretion. Our careful review of the entire record requires us to conclude that there is sufficient evidence in this record which would permit the Board to make the findings of fact and conclusions it did. Whether or not we would have made the same findings of fact and conclusions as did the referee and the Board, our duty, based on the record made, is to affirm the order of the Board.

Order affirmed.