Benjamin Nieto, Appellant, *v.* Commonwealth of
Pennsylvania, Unemployment Compensation
Board of Review, Appellee.

Argued September 11, 1974, before Judges Crum-
lish, Jr., Wilkinson, Jr. and Rogers, sitting as a panel
of three.

*James Breslauer,* with him *Alan Linder* and *J. Richard Gray,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 2, 1974:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying unemployment benefits to Benjamin Nieto (claimant) upon a determination that he was guilty of "wilful misconduct" under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The Board made the following findings of fact in determining claimant's ineligibility which are binding on this Court because they are supported by substantial competent evidence, *Homony v. Unemployment Compensation Board of Review,* 11 Pa. Commonwealth Ct. 142, 312 A. 2d 77 (1973): "1. Claimant was last employed as a manager by Walker's Jewelers from September 1, 1972 until August 4, 1973, his last day of work. 2. The claimant received a salary of $165 per week, plus $10 for expenses. 3. On August 4, 1973 the claimant was discharged because on at least five occasions he quit before closing time and left the store in the charge of a young girl[1] who was making only $1.90 an hour."

Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e) provides in pertinent part that:

---

[1] The record indicates that the "young girl" was 19 or 20 years old at the time of claimant's discharge and was employed primarily as a bookkeeper by Walker's Jewelers.

"An employe shall be ineligible for compensation for any week . . . (e) in which his unemployment is due to his discharge or temporary suspension from work for wilful misconduct connected with his work . . . ." Although the Legislature did not define "wilful misconduct," this Court has repeatedly adopted the judicial construction of this term approved in *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A. 2d 221, 223 (1965) as: "[A]n act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." *See e.g., Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 318 A. 2d 422 (1974) ; *Peluso v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 250, 315 A. 2d 340 (1974). The burden of proving acts constituting wilful misconduct, of course, is upon the employer who has discharged a claimant. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973).

Applying the above construction to the facts of the instant case, we have no difficulty concluding that claimant deliberately disregarded the interest of his employer and the standards of behavior expected of him by repeatedly leaving the store in the charge of an inexperienced employe before closing time. Claimant's repeated absences from work without good cause or notice to his employer, alone, could amount to wilful misconduct, even without prior warnings. *Peluso v. Unemployment Compensation Board of Review, supra; Love*

*Unemployment Compensation Case,* 197 Pa. Superior Ct. 634, 180 A. 2d 431 (1962). Of greater significance here, however, is claimant's failure to provide proper supervision of the jewelry store during his absences, and his reliance upon an employe of limited experience and position to close the store. The potentiality of detriment to his employer's interest from this conduct is obvious, and clearly in violation of the standards of behavior claimant's employer had the right to expect from one in a managerial position.

Relying upon *Hackey Unemployment Compensation Case,* 194 Pa. Superior Ct. 79, 166 A. 2d 303 (1960), claimant contends that his employer acquiesced in this conduct and thus allowed him to do so in the exercise of his managerial discretion. In *Hackey,* a baker was discharged for overestimating the amount of baked goods needed. Our Superior Court held that his "employer vested discretion in the employe, and the subsequent dissatisfaction with the employe's exercise of that discretion, in the absence of showing abuse, does not render such employe guilty of wilful misconduct . . . ." 194 Pa. Superior Ct. at 82, 166 A. 2d 305. *Hackey* is both factually and generically distinguishable from the instant case. Initially, we note that there is no evidence here that claimant's employer vested "discretion" in claimant to quit work early or leave the shop in the care of a subordinate employe. The record, in fact, indicates that upon learning of claimant's activities, his employer immediately discharged him. Moreover, the nature of the interest of the employer threatened in *Hackey*—the loss from an overrun of baked goods—is considerably less significant than the interest affected here. Claimant's undisputed responsibilities, among other duties, as manager was to insure the proper functioning of the jewelry store, to protect it against losses from theft or damage, and to exercise mature judgment as appropriate in the course of untoward events. By

intentionally leaving the store in the control of an inexperienced, low-level employe, claimant invited a derogation of these interests.

Consistent with the foregoing, we enter the following

### ORDER

AND NOW, October 2, 1974, the order of the Unemployment Compensation Board of Review dismissing the claim of Benjamin Nieto is affirmed.