William Pollard, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 7, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Brian R. Steiner,* with him *Frumer & Etkin,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Charles G. Hasson,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Crumlish, Jr., February 22, 1978:

William M. Pollard (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

On December 11, 1975, Claimant was injured in a non-work-related automobile accident. At the time, he was employed as a clerk-typist trainee by the City of Philadelphia's Youth Study Center (Employer). Initially, Claimant was able to return to work, but on December 19, 1975, he informed Employer that his injuries necessitated his absence. The record indicates that Claimant notified Employer of his required absence again on December 23 and 25. From that time forward, nothing more was heard from Claimant.

On January 11, 1976, Claimant was discharged due to his failure to report to work for 15 consecutive days or, in the alternative, to call and inform Employer of his absence. Subsequently, Claimant filed for unemployment compensation benefits. Denials by the Bureau of Employment Security (Bureau) and the referee were affirmed by the Board following an additional hearing.

The Board found as fact that Claimant did not contact Employer after December 25, 1975, until January 12, 1976. It further found that Employer's policy is that an employe's position is treated as abandoned after an absence of 15 calendar days. In its opinion, the Board noted:

> We believe the claimant was absent without notice from December 25, 1975 to January 12, 1976. We do not find the allegation that the claimant contacted the employer after Decem-

ber 25, 1976 [sic] substantiated. . . . We conclude that the claimant's conduct rose to the level of willful misconduct under Section 402 (e) of the Law.

Claimant's first contention is that he properly followed Employer's call-in procedures and in fact contacted Employer on a regular basis from the date of his first absence on December 19, 1975, until his separation. After hearing, the Board made the following findings of fact with respect to this issue:

3. Subsequent to his last day of work, the claimant was absent; he was absent because of his injuries; he notified the employer on December 19, 23, and 25 of his absence and the reason for his absence.

4. The claimant did not thereafter contact the employer until January 12, 1976.

5. The employer's policy is that after an absence of fifteen (15) calendar days, an employee is to be treated as a voluntary quit.

Our thorough review of the record convinces us that these findings are supported by the evidence and as such are conclusive on appeal. As our Supreme Court wrote in *Taylor v. Unemployment Compensation Board of Review*, Pa. , , 378 A.2d 829, 831 (1977):

It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. . . . The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the

testimony, to see if substantial evidence for the Board's conclusion exists. (Citations omitted.)

Claimant next contends that the Board erred in its conclusion that his conduct amounted to willful misconduct, disqualifying him for benefits under Section 402(e). Section 402 states, in part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act. . . .

Though willful misconduct is not statutorily defined, its meaning has been judicially developed to encompass the wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of expected behavior standards or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employe's duties and obligations. *Serban v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 147, 370 A.2d 755 (1977). In *Ferko v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 597, 601, 309 A.2d 72, 74 (1973), we said:

> [t]he case law has firmly established that absence from work without notification to the employer, in violation of the employer's rules as to reporting such absenteeism, evidences a deliberate disregard of the standards of behavior an employer has the right to expect of his employees.

As noted above, the Board specifically found that the policy of the employer is to terminate the position of an employe who fails to contact his employer after an

absence of 15 days. In this instance, Claimant failed to contact Employer from December 25, 1975 until January 12, 1976, a period in excess of 15 calendar days. Accordingly, Employer was clearly acting pursuant to its policy. Claimant, however, relying upon *Rosenhoover v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 455, 303 A.2d 578 (1973), contends that any absence of a continuing nature is to be considered one absence, no matter how long it lasts, and that only one report of such absence is necessary at the beginning of such period. Claimant's reliance upon *Rosenhoover, supra,* is misplaced. In that case, the employer's supervisor specifically testified that *company policy* required only one notification for an absence of any number of consecutive days. The record discloses no similar policy in the case at hand.

Finally, Claimant contends Employer's failure to warn Claimant prior to his dismissal requires a reversal of the Board's conclusion of willful misconduct. Although there is some reference to prior warnings in the record, we need not rely upon this since it is clear that a prior warning is not a prerequisite to a discharge for misconduct where an employe, in violation of his employer's rules, has been absent without notice. *Nieto v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 321, 325 A.2d 685 (1974) ; *Peluso v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 250, 315 A.2d 340 (1974).

Accordingly, we

ORDER

AND Now, this 22nd day of February, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.