William I. WALKER, Appellant,

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION,
William H. Skinner, David L. Adams and
Paul M. Hutson, as Members of and as
Constituting the Review Board of the
Indiana Employment Security Division,
and Brenner Luggage, Appellees.

No. 2-280A38.

Court of Appeals of Indiana,
Third District.

June 3, 1980.

Rehearing Denied July 16, 1980.

L. Peter Iverson, Indianapolis, for appel-
lant.

Theodore L. Sendak, Atty. Gen., Carmen
L. Quintana, Deputy Atty. Gen., Indianapo-
lis, for appellee Review Bd.

HOFFMAN, Judge.

This is an appeal by claimant William I.
Walker from a decision of the Review
Board of the Indiana Employment Security
Division in which the Board affirmed its
referee's decision denying unemployment
compensation benefits to claimant on the
grounds that he was not "[a]n individual
whose unemployment is the result of medi-
cally substantiated physical disability and
who is involuntarily unemployed after hav-
ing made reasonable efforts to maintain the
employment relationship." IC 1971, 22–4–
15–1 (1979 Burns Supp.). In support of its
determination the Board adopted the fol-
lowing Findings of Fact and Conclusions of
Law made by the referee:

"FINDINGS OF FACT: The claimant
worked for this employer from July of
1978 till September 1, 1979. He was a
salesman and a stock clerk earning $3.40
per hour. In November of 1978 the
claimant had back surgery. He was un-
der a doctor's care for a considerable
length of time for his back problem.
Several times he was granted leave.
Each time he returned, he returned to his

own job and found it difficult for him to do. At the end of his last leave of absence his roommate was told by the employer that the claimant would return the next week and begin his old job. He voluntarily left rather than return to this employment. He made no effort to continue the employment relationship or ask for other work. His employer cooperated with him in an attempt to correct this medically substantiated disability. The claimant testified under oath that he was able to return to work as of the week September 15, 1979, because his back had healed.

"CONCLUSIONS OF LAW: The claimant was not involuntarily separated from employment due to a medically substantiated physical disability. He breached the employment contract by not attempting to return to work or by telling his supervisor that he was having difficulty with the job. He voluntarily resigned. The claimant was able and available for the week ending September 15, 1979."

Only two issues have been presented for review. They are:

(1) whether claimant was denied a fair hearing because the referee allegedly breached his duty to fully develop the relevant facts and issues for unrepresented parties; and

(2) whether claimant was denied procedural due process by the referee's failure to advise him of his right to counsel.

Initially claimant has questioned the fairness of his hearing before the referee, charging that the referee failed to render him the assistance demanded by Ind.Admin. Rules & Regs. (22–4–17–3)–1 (Burns Code Ed.). That provision provides in part:

"Where either party fails to appear or *where either party is not represented by an attorney* or duly authorized agent, it shall be the duty of the referee to examine such party's witnesses, and to cross-examine all witnesses of the other party, in order to insure complete presentation of the case." (Emphasis supplied)

Specifically the propriety of the hearing is assailed on the basis that (1) the referee only asked a few questions regarding the circumstances surrounding the termination of his employment and (2) the referee failed to call claimant's roommate as a witness.

█ A fair hearing requires only that the parties be permitted to testify freely and that they not be deprived of their right to counsel or of their right to offer and cross-examine witnesses. *Shultz v. Com., Unemploy. Comp. Bd. of Rev.* (1979) —— Pa. Cmwlth. ——, 408 A.2d 1177.

█ Having carefully reviewed the entire record it is apparent that the referee carried out all of the duties imposed on him by Rule (22–4–17–3)–1 to assist unrepresented claimants and that Walker was provided with a fair hearing in which his rights were fully protected. The referee queried claimant about the nature of his physical disability, his work history with the employer and reviewed medical reports and doctors' statements submitted by him. Additionally, the referee asked claimant to tell his side of the story and afterwards inquired as to whether or not he had anything to add to that which had been entered in the record.

Moreover, the fact that the referee did not call claimant's roommate as a witness is of no consequence especially in the absence of a request to do so. In response to claimant's inquiry as to whether the referee wished to speak with the roommate, the referee replied that since claimant's testimony was unrebutted there would be no need to examine him.

█ The presentation of evidence is within the sound discretion of the referee to be admitted as he deems necessary for the proper adjudication of the claim before him. *Lewis v. Rev. Bd.* (1972), 152 Ind.App. 187, 282 N.E.2d 876. Claimant has not demonstrated an abuse thereof.

█ Equally without merit is the contention that the referee was obligated, at the peril of reversal, to advise claimant of his right to counsel. Neither considerations of due process nor the rules of procedure gov-

erning hearings in unemployment compensation cases require that the referee tender such advice. Particularly persuasive in this regard is *Paoloco v. Commonwealth, Unemp. Comp. Bd. of Rev.* (1973) 10 Pa. Cmwlth. 214, 309 A.2d 594. There the claimant was not represented by counsel before the referee and on appeal she argued that she had been deprived of due process because she was not advised of various rights. In rejecting this argument the court noted:

> "The claimant has complained of the procedure at the hearing before the referee, where she was unrepresented by counsel. She argues that the referee should have advised her of her right to an attorney, of her right to offer witnesses in her own behalf and of her right to cross-examine other witnesses. Although it might have been preferable if the referee had so advised an unrepresented claimant, we cannot say that he is required to give such advice. As our Superior Court has said: 'Ordinarily it is not incumbent upon the referee to inquire why the parties are not represented by counsel, nor is it his duty to advise them that they are entitled to counsel. The parties testified at length and were not hampered in any way from testifying freely and as they desired. No further hearings were requested by appellant to present additional or new testimony. After reviewing the record, we feel that a fair hearing was conducted by the referee.' *Hackey Unemployment Compensation Case*, 194 Pa.Super. 79, 81–82, 166 A.2d 303, 305 (1960). It is true, of course, that the referee may not deny the above stated rights to a claimant, if claimed, but there is no evidence of such claim or denial thereof in the record here. *Cf. Klink v. Unemployment Compensation Board of Review*, 5 Pa.Cmwlth. 62, 289 A.2d 494 (1972)."

309 A.2d at 596.

Similarly there was no evidence or assertion in the case at bar that the referee denied claimant the opportunity to be represented by an attorney. For this reason his allegation fails.

No reversible error having been demonstrated, the decision of the Board is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.