United States Steel Corporation *v.* Unemployment Compensation Board of Review.

Argued April 4, 1973, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James T. Carney,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 26, 1973:

Thomas G. Robertson (claimant) was employed as a tool repairman by the United States Steel Corporation (U. S. Steel) at its Clairton Works. On July 31, 1971, as a result of the cyclical decrease in production which habitually occurs in the steel industry in a year when a new collective bargaining agreement is to be negotiated, he was laid off. He then began to receive benefits pursuant to the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P. L. (1937) 2897, 43 P.S. §751 et seq., and he also received a weekly Supplemental Unemployment Benefit of $53.27 from U. S. Steel. From September 25, 1971 through October 1, 1971, the claimant took his vacation, for which he had been scheduled in December, 1970, and U. S. Steel paid him $197.80 in vacation pay.

U. S. Steel requested that this vacation pay be offset against the unemployment compensation benefits, but this request was denied by the Bureau of Employment Security. An appeal from this action was then taken to the Unemployment Compensation Board of Review (Board) and a hearing was held before a referee, who allowed an offset of $169.55 of the vacation pay for the benefit week ending October 1, 1971, but refused to offset $28.25 for the benefit week ending October 8, 1971. U. S. Steel appealed to the Board, which affirmed the order of the referee.

The scope of review of this Court in an unemployment compensation case is set out in Section 510 of the Unemployment Compensation Law, 43 P.S. §830, as follows: "In any appeal . . . the findings of the board or referee, as the case may be, as to the facts, if sup-

ported by the evidence and in the absence of fraud, shall be conclusive, and in such cases the jurisdiction of the court shall be confined to questions of law. . . ." *See James v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972).

In this case there are no essential differences over the facts as found by the referee and the Board. Neither party disputes the fact that the claimant was laid off from his job with the expectation that he would someday be called back to work but with no indication as to when that call-back would occur. It is also undisputed that he was paid by U. S. Steel for vacation time which he had scheduled long before he was laid off. During the layoff the claimant retained his seniority rights with U. S. Steel and continued to accrue service for the company's pension plan and other employee benefit plans. The only real point of dispute is whether or not $28.25 of the vacation pay received by the claimant should be applied to offset the unemployment compensation benefits due him for the week ending October 8, 1971.

The applicable statute here is Section 404(d)(ii) of the Unemployment Compensation Law, 43 P.S. §804 (d)(ii). It provides: "Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of October, one thousand nine hundred seventy-one, shall be paid with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (ii) vacation pay, if any, except when paid to an employe who is permanently or *indefinitely separated from his employment. . . ."* (Emphasis added.) Prior to October 1, 1971, the effective date of the above section, the Unemployment Compensation Law clearly provided that vacation pay would be offset in a situation such as here. The Board was,

therefore, correct in requiring an offset for the $169.55 in vacation pay attributed to the week ending October 1, 1971.

As to the week ending subsequent to October 1, 1971, for which the above section was applicable, U. S. Steel interprets the phrase "indefinitely separated" to indicate a layoff situation where there is no definite prospect of recall, and not a situation such as here where there is a definite probability of recall but no definite date therefor. It claims that the vacation pay which was paid after October 1, 1971, should have been offset against benefits, therefore, just as it had been for the week before. We do not agree.

The term "indefinite" has been defined in *Webster's Third New International Dictionary* as "being of a nature that is not or cannot be clearly determined: not precise . . . having no exact limits: indeterminate in extent or amount: not clearly fixed. . . ." When, as here, an employee is separated from his job for a period which is indeterminate in extent and for which the time concerned is not clearly fixed, it seems clear that he has been "indefinitely separated" from his employment. It would also appear to us that the "indefinite" nature of a separation can be ascertained either from the possibility that the employee will not be called back to work at all or from the lack of knowledge as to when any recall may occur.

U. S. Steel seems also to contend that an employee who has been laid off but who knows that his employment will eventually be reinstated, even though he has no definite date for such reinstatement, is in a sense continuing his employment relationship with his employer and cannot come within the coverage of Section 404(d)(ii). The term "employment," however, is defined in Section 4(1) of the Unemployment Compensation Law, 43 P.S. §753(1), as follows: " 'Employment' means all *personal service performed for remuneration*

by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation." (Emphasis added.) The section thereafter goes on to describe certain activites included within the meaning of the term and certain activities not included, but it is clear that the term "employment" does not include the situation where an employee is laid off from his job for an indefinite period, even though retaining certain rights such as seniority, and even though there is a probability of his being recalled for work. We believe that Section 404(d)(ii) of the Unemployment Compensation Law was intended to cover this situation just as well as the situation where the employee is laid off with no definite likelihood at all of being recalled.

For the above reasons, therefore, we issue the following

### ORDER

Now, April 26, 1973, the Order of the Unemployment Compensation Board of Review allowing the claim of Thomas G. Robertson for the week ending October 8, 1971, is hereby affirmed.