James E. Burkhart, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Jeffrey J. Bernstein,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 4, 1979:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board), affirming the referee's decision denying unemployment compensation benefits to James E. Burkhart (Claimant).

Claimant had been employed by Mercer Gas and Water Company for approximately three years prior to his discharge on June 10, 1977. Claimant was discharged for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Upon application, the Bureau of Employment Security (Bureau) issued a determination granting benefits to Claimant on the basis that his employer had failed to prove willful misconduct. Claimant's employer appealed and after a hearing the referee re-

versed and denied benefits. The Board affirmed the referee's decision and this appeal was taken.

Claimant was terminated on June 10 because he was found in a bar at 9:00 a.m. when he was supposed to be at work. (He had clocked in at 7:09 a.m. His time to report was 7:00 a.m.) Prior to June 10, Claimant had been late for work 35 days in the year 1977 and had been warned about his excessive tardiness.

Claimant argues that there was no substantial evidence to support the referee's finding of excessive tardiness. Apart from the testimony of the employer's representatives, the record also discloses the Claimant's admission that the incidents of tardiness as testified to by the employer were "possible." We have no difficulty in finding substantial evidence to support the finding of excessive tardiness.

Claimant also argues that his behavior was not willful misconduct. It would be difficult to imagine a more glaring example of willful misconduct than an employee visiting a bar during regular working hours, a fact also admitted by the Claimant.

Finally, Claimant complains that the referee's hearing was somehow discriminatory as to him. The record discloses that the referee gave the Claimant every consideration at the hearing and that ample opportunity was afforded to Claimant to present any evidence he had. The referee was required to do nothing more. *Paoloco v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 214, 309 A.2d 594 (1973).

Finding no merit in any of Claimant's arguments, we will affirm the Board's order.

### Order

And Now, this 4th day of April, 1979, the order of the Unemployment Compensation Board of Review, dated December 13, 1977, is hereby affirmed.