William J. Panczak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 1, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*William J. Moran, III,* for petitioner.

*Gary Marini,* Assistant Attorney General, with him, *GuruJodha Singh Khalsa,* Assistant Attorney

General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, January 3, 1980:

This is a case of first impression in Pennsylvania involving the application of state law to the Trade Act of 1974, 19 U.S.C. §2101 et seq. (Trade Act). It involves an appeal from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding William Panczak (claimant) ineligible for vocational training benefits under the Trade Act and ordered that payments made to him while he was ineligible be deducted from his future allowances. The claimant contends that he was not afforded a fair hearing by the referee.

The claimant received an allowance under the Trade Act to defray the cost of his enrollment in a training program through the Montgomery County Vo-Tech School. In April of 1978, however, he was observed by a school official to be in an intoxicated condition at the school and he was dismissed from the program pursuant to the school's rules. Shortly thereafter, the office of Employment Security determined that, because of his dismissal for intoxication, the claimant was ineligible for training benefits granted him under the Trade Act, and that he was also liable for an $89.00 payment made to him for the week after he was dismissed.

The Trade Act, passed by Congress to "safeguard American industry and labor against unfair or injurious import competition," 19 U.S.C. §2102, authorizes the United States Secretary of Labor to grant allowances to certain workers whom the Secretary determines to be unemployed as a result of certain types of foreign industrial competition, 19 U.S.C. §2273. It envisions a symbiotic relationship between

the federal allowances and the unemployment compensation laws of the various states, and provides that state law shall be applied.[1] The regulations promulgated by the Secretary pursuant to the Trade Act provide that, after the Secretary determines which general categories of workers are eligible for assistance, the unemployment insurance agencies of the states have jurisdiction to determine the entitlements of individual claimants,[2] and that appeals from such agency determinations shall follow the applicable route under state law.[3] The regulations further provide that recipients of the special additional allowance for vocational training become ineligible if their performance in the training program is unsatisfactory:

---

[1] 19 U.S.C. §2294 provides:

Except where inconsistent with the provisions of this part and subject to such regulations as to the Secretary may prescribe, the availability and disqualification provisions of the State law—

(1) under which an adversely affected worker is entitled to unemployment insurance (whether or not he has filed a claim for such insurance), or

(2) if he is not so entitled to unemployment insurance, of the State in which he was totally or partially separated,

shall apply to any such worker who files a claim for trade readjustment allowances:

[2] 29 C.F.R. §91.51 (1979) provides:

(a) *Jurisdiction.* The State agency whose State law is the applicable State law under §91.14 shall determine an individual's entitlement to adjustment assistance under this Part 91, and make necessary payments, and may accept for such purpose information and findings supplied by another State agency under this Part 91.

[3] 29 C.F.R. §91.52 (1979) provides:

A determination or redetermination under this Part 91 shall be subject to review in the same manner and to the same extent as determinations under the applicable State law and only in that manner and to that extent.

A trainee under this Subpart C who, without good cause, refuses to accept or continue or fails to make satisfactory progress in such training shall not be paid a trade readjustment allowance for any week of unemployment thereafter until the week in which the trainee enters, resumes, or makes satisfactory progress in such training.

29 C.F.R. §91.24 (1979).

The referee below found the claimant here to be ineligible for training assistance on the basis that claimant's conduct constituted unsatisfactory progress in the training program under Section 91.24 of the regulations. The claimant does not contest this finding. Rather, his sole contention is that the referee committed reversible error in refusing to permit the claimant's counsel to cross-examine an adverse school witness concerning possible bias on the part of the witness in regard to the claimant. This bias, the claimant says, arose from his frequent complaints about the school. The record of the hearing clearly indicates, however, that the referee himself questioned the claimant about the possible bias of the school officials. Furthermore, the record shows that the claimant himself testified that the bias did, in fact, exist, and that it had resulted from his criticism of the school. The referee even suggested at the hearing that the school officials might have formed a so-called "vendetta" against the claimant.[4] It is un-

---

[4] QR: What are you trying to say, sir; why do you feel they got rid of you?

AC: Because I complained.

QR: Because you complained?

AC: Yes and as far as I'm concerned, as far as No. 2, there's No. 1 I think I don't know what No. 1 says on there, 3 consecutive days, absenteeism, you had to be certain times at school and if I think I was discriminated

deniable, therefore, that evidence of bias was admitted into the record and that the claimant's counsel was given every opportunity to develop the issue as and when it was then under consideration. Even if denied the opportunity to cross-examine a particular witness on this subject, at another point in the hearing, he was clearly not prevented from introducing any evidence he had.

While it is a standard rule of evidence that evidence of interest or bias on the part of a witness is generally admissible through cross-examination, and that in some instances the blocking of such a line of attack can constitute reversible error, *Downey v. Weston*, 451 Pa. 259, 301 A.2d 635 (1973), nevertheless, this Court previously has held that a claim by an unemployment compensation claimant that he was denied a fair hearing cannot be sustained where, as here, the record reveals that the claimant was afforded ample opportunity to present the desired evidence at some point in the hearing. *Burkhart v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 499, 399 A.2d 813 (1979). We do not believe, therefore, that the referee's decision in refusing the evidence during the cross-examination of the allegedly biased witness amounts to reversible error. The claimant could have easily presented whatever evidence he had at some other time while the hearing was in progress.

Finally, although the referee apparently chose to believe the school's witness despite the evidence he

---

against because there's quite a few people don't come until 6:30, 7:00 o'clock, 5:30 and I know that.

QR: So you think it was a personal vendetta sir?

AC: Sort of.

QR: Mr. Moran, anything further that you wish to develop from Mr. Panczak?

AL: No, I have no further questions.

had heard as to possible bias, such a choice is well within a referee's discretion as to questions of credibility and evidentiary weight, and is not within the scope of review of this Court. *Hill v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 252, 385 A.2d 1032 (1978).

We will, therefore, affirm the order of the Board and hold claimant ineligible for training benefits under the Act. We will also hold that the claimant must repay any such training benefits as he received after his dismissal from the training program.

ORDER

AND Now, this 3rd day of January, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-162076 dated July 31, 1978 is hereby affirmed.