Anna Sedonic, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Sally Kay, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Hilda Frisch, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Anna Filipovits, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 9, 1983, before Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*Charles W. Johnston, Handler and Gerber, P.C.,* for petitioners.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, June 13, 1983:

We have consolidated for disposition the appeals of four unemployment compensation claimants from separate orders of the Unemployment Compensation Board of Review (board) upholding a referee's decision that the benefits payable to the claimants during the week of December 21 to December 27 should be reduced by the amount of vacation pay received by the petitioners for that week. The referee's decision was based on Section 404(d)(ii) of the Act,[1] 43 P.S. §804 (d)(ii) which provides pertinently:

(d)   Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to *any week* . . . shall be

---

[1] The Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

paid, with *respect to such week,* compensation
in an amount equal to his weekly benefit rate
less the total of . . . (ii) *vacation pay,* if any,
which is in excess of his partial benefit credit,
except *when paid* to an employe who is perma-
nently or *indefinitely separated from his em-
ployment.* . . . (Emphasis added.)

The issue is that of whether or not the claimants were
"indefinitely separated from their employment"
within the meaning of Section 404(d)(ii) of the Act.
If they were indefinitely separated the benefits would
not be reduced by vacation pay. If they were not in-
definitely separated there would be a reduction for
vacation pay.

Each of the claimants was laid off on November 12,
1980 for lack of work. The employer did not give the
claimants a recall date when they were laid off. It
told them that they would be informed later of a date
when they could return to work. On the employer's
separation notice form submitted to the Office of Em-
ployment Security, the employer noted on the form
that the claimants' unemployment was temporary and
in the space provided for the expected date of recall,
the employer left blanks. The claimants, in accord-
ance with company policy for temporary layoffs, were
told to call in every Friday during the layoff to ask
whether a recall date had been established.

The employer notified the claimants on December
19, 1980, that they were being recalled to work effec-
tive December 29, 1980, the Monday after their vaca-
tion week. The claimants were recalled due to an in-
crease in the employer's work orders. The claimants
did return to work pursuant to the recall.

The week of Sunday, December 21, 1980, through
Saturday, December 27, 1980, was a regularly sched-
uled vacation period established by the collective bar-
gaining agreement between the claimants' employer

and the claimants' union. The claimants received vacation pay sometime during the period from December 21, 1980, to December 27, 1980, in an amount less than the total of compensation payable to them during that period.

The compensation authorities held that because the employer on December 19, 1980 established a recall date of December 29, the claimants were not indefinitely separated during the vacation week.

The claimants contend that whether an employee is "indefinitely separated from his employment" can only be determined at the time of separation from employment and that their separation occurred on November 12, 1980.

We have held that a claimant is not "indefinitely separated from his employment" within the meaning of Section 404(d)(ii) when:

    1.  the separation period is fixed as to length;

    2.  the employee has knowledge of when he is to return to his employment; and

    3.  there is no evidence which indicates an intent on the part of the employer not to recall the employee.

*Libbey-Owens-Ford Co. v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 430, 433, 400 A.2d 1353, 1355 (1979). *See also United States Steel Corp. v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 445, 452, 368 A.2d 1319, 1323 (1977); *United States Steel Corp. v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 206, 209, 303 A.2d 852, 855 (1973).

Section 404(d)(ii) of the Act says that an eligible employee unemployed with respect *to any week* shall be paid compensation with respect *to such week,* less vacation pay except when paid to an employee who is

indefinitely separated from his employment. Because Section 404(d)(ii) provides that the benefits *in any week* must be reduced by vacation pay except when an employee is indefinitely separated, the issue of whether the employee is indefinitely separated must be determined by examination of the circumstances as they exist during the week in which the vacation pay is received. This rule conforms to the general proposition that eligibility for unemployment compensation benefits is to be determined on a week-by-week basis. *Humanic v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 428, 430, 423 A.2d 64, 65 (1980). Therefore, here, examining the circumstances existent during the week when the vacation pay was received by the petitioners—the week beginning December 21, 1980—we find that the petitioners' separations were then definite, not indefinite; that is, they were to end on the recall date of December 29, 1980, which date had been fixed and announced on December 19, 1980.

Orders affirmed.

### ORDER IN 2760 C.D. 1981

AND Now, this 13th day of June, 1983, the order of the Unemployment Compensation Board of Review No. B-195803-B, dated October 27, 1981, is affirmed.

### ORDER IN 2761 C.D. 1981

AND Now, this 13th day of June, 1983, the order of the Unemployment Compensation Board of Review No. B-195804-B, dated October 27, 1981, is affirmed.

### ORDER IN 2762 C.D. 1981

AND Now, this 13th day of June, 1983, the order of the Unemployment Compensation Board of Review No. B-195801-B, dated October 27, 1981, is affirmed.

ORDER IN 2790 C.D. 1981

AND Now, this 13th day of June, 1983, the order of the Unemployment Compensation Board of Review No. B-195802-B, dated October 27, 1981, is affirmed.