IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah Seabreeze, :
               Petitioner :
                : No. 407 C.D. 2017
         v. :
                : Submitted: November 22, 2017
Unemployment Compensation :
Board of Review, :
               Respondent :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: January 18, 2018


       Deborah Seabreeze (Claimant) petitions *pro se* for review of the February 17, 2017 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision and order denying Claimant unemployment compensation benefits under section 402(b) of Pennsylvania's Unemployment Compensation Law (Law).[1]


## Facts and Background

       Claimant was employed by Northern Children's Services (Employer) as a payroll specialist from October 14, 2014, through July 26, 2016. (Finding of Fact (F.F.)

---

[1] Section 402(b) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

No. 1; Reproduced Record (R.R.) at Item No. 9, Notes of Testimony (N.T.), at 5, 7.) Beginning in June 2016, Claimant worked under the supervision of a new Human Resources Director (HR Director), Rachel Harriet. (F.F. No. 3; N.T., at 16.) Claimant believed that the new HR Director was treating her overbearingly and berating her in front of her peers, (N.T., at 6), and "that she was being overworked, overloaded, treated unfairly and harassed." (F.F. No. 4; N.T., at 6.)

On June 27, 2016, Claimant met with the new HR Director to discuss her concerns. (F.F. No. 5; N.T., at 35-36.) Later, Claimant complained to both Employer's chief executive officer (CEO), Renata Copps-Fletcher, and a member of Employer's board of directors, Paul Rovner, about the alleged harassment by the new HR Director. (F.F. No. 7; N.T., at 9, 13, 26, 30.) However, neither the CEO nor the board member took any action against the HR Director based upon Claimant's concerns. (F.F. No. 8; N.T., at 10, 45.) Claimant never told her HR Director that she felt harassed to the point that she sought medical treatment because of it. (F.F. Nos. 9-10; N.T., at 34-35, 41.)

On July 20, 2016, Claimant received a performance improvement plan (PIP) issued by the CEO and HR Director. (F.F. No. 11; N.T., at 7.) The PIP informed Claimant that she needed to improve her attendance, communication with others, her ownership and accountability, and her sense of urgency regarding her work. (F.F. No. 12; N.T., at 10-11.) The PIP further notified Claimant that she had 30 days to accomplish the goals set forth in the PIP. (F.F. No. 13; N.T., at 17-18.) Because she disagreed with the PIP in its entirety, Claimant voluntarily terminated her employment with Employer. (F.F. No. 15; N.T., at 7-8, 13-14.) Prior to resigning, Claimant made no efforts to improve her job performance in compliance with the PIP. (F.F. No. 16; N.T., at 16-18.)

On July 24, 2016, Claimant filed an application for unemployment compensation benefits. (R.R. at Item No. 2.) On August 17, 2016, the Erie UC Service Center issued a notice of determination, which approved benefits for Claimant, finding that she was not ineligible under section 402(b) of the Law. (R.R. at Item No. 5.) Employer timely appealed the notice of determination. (R.R. at Item No. 6.) The referee held a hearing to consider the appeal on November 15, 2016. (R.R. at Item No. 7.) On November 21, 2016, the referee issued his decision and order, which reversed the notice of determination issued by the Erie UC Service Center and disallowed the claim credit for the week ending July 30, 2016. (R.R. at Item No. 10.)

Claimant timely appealed the referee's decision and order to the Board, requesting a remand hearing. (R.R. at Item No. 11.) On February 17, 2017, the Board issued its order affirming the referee's decision and order. (R.R. at Item No. 13.) Although Claimant filed a request for reconsideration, (R.R. at Item No. 14), the Board denied such request by order dated March 16, 2017. (R.R. at Item No. 19.)

Claimant timely appealed the Board's February 17, 2017 decision to this Court.

**Discussion**

On appeal,[2] Claimant argues that the Board erred in (1) failing to determine that her due process rights were violated by the referee when he prohibited her from presenting her case in a fair manner; and (2) concluding that Claimant was ineligible for unemployment compensation benefits under section 402(b) of the Law.

_____

[2] On appeal, our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

3

## Eligibility for Benefits

We begin with Claimant's argument regarding her eligibility for unemployment compensation benefits. Section 402(b) of the Law provides that "[a]n employe shall be ineligible for compensation for any week—(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act . . . ." 43 P.S. §802(b).

To establish eligibility for benefits, a claimant who voluntarily quit her employment bears the initial burden of proving that she did so for necessitous and compelling reasons. *Wert v. Unemployment Compensation Board of Review*, 41 A.3d 937, 940 (Pa. Cmwlth. 2012). Specifically, a claimant must demonstrate that (1) circumstances existed which produced pressure to terminate employment that was both real and substantial; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to maintain her employment. *Id.* "[W]e must examine the circumstances surrounding each claimant's departure on an individual basis, so as to understand what exigencies [she] faced at the time [she] decided to separate from employment." *Petrill v. Unemployment Compensation Board of Review*, 883 A.2d 714, 715 (Pa. Cmwlth. 2005) (quoting *Pacini v. Unemployment Compensation Board of Review*, 518 A.2d 606, 607 (Pa. Cmwlth. 1986)).

It is well-settled that, where an individual is merely dissatisfied with her working conditions, or is experiencing normal workplace strains, such circumstances are not necessitous and compelling reasons for voluntarily terminating her employment. *See Anne Kearney Astolfi, DMD, PC v. Unemployment Compensation Board of Review*, 995 A.2d 1286, 1289 (Pa. Cmwlth. 2010); *Spadaro v. Unemployment*

4

*Compensation Board of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004). We have explained that resentment of supervisory criticism or a mere personality conflict, absent an intolerable working atmosphere, does not constitute necessitous and compelling reasons for voluntary termination. *See Wert*, 41 A.3d at 940; *Anne Kearney Astolfi, DMD, PC*, 995 A.2d at 1289; *Magazzeni v. Unemployment Compensation Board of Review*, 462 A.2d 961, 965 (Pa. Cmwlth. 1983); *Lynn v. Unemployment Compensation Board of Review*, 427 A.2d 736, 737 (Pa. Cmwlth. 1981). Specifically, "[r]esentment of a reprimand, absent unjust accusations, abusive conduct or profane language, does not constitute [a] necessitous and compelling reason for termination." *Krieger v. Unemployment Compensation Board of Review*, 415 A.2d 160, 161 (Pa. Cmwlth. 1980).

In *Kelly v. Unemployment Compensation Board of Review*, 172 A.3d 718, 725 (Pa. Cmwlth. 2017), we explained:

> [T]he Board, as the ultimate fact-finder, is empowered to resolve all issues of witness credibility, conflicting evidence and evidentiary weight. *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338 (Pa. Cmwlth. 2008). Also, it is irrelevant whether the record includes evidence that would support findings other than those made by the Board; the proper inquiry is whether the evidence supports the findings actually made. *Id.* Further, the party prevailing below is entitled to the benefit of all reasonable inferences drawn from the evidence. *Id.*

In this case, Claimant alleges that Employer's HR Director and CEO harassed her and retaliated against her by issuing the PIP on July 20, 2017, after she reported such harassment to the board of directors. (N.T., at 12.) Claimant explained that, although she had not been disciplined prior to issuance of the PIP, she resigned because the "bullying and harassment" at work was causing her to lose sleep and have

5

stomach pains. (N.T., at 14.) We note that Claimant provided conflicting testimony regarding her medical treatment, first testifying that she did not inform the new HR Director of her job-related medical issues, then later testifying that she did visit a doctor several times for medical reasons related to the harassment, and that she was prescribed medication to manage stress. (N.T., at 25, 34-35.)

Claimant testified that the unfair treatment began after Employer named Ms. Fletcher as its CEO. (N.T., at 21.) She also testified that, after that time, other employees, including the executive staff, quit. (*Id.*) In addition to receipt of the PIP, Claimant asserted that her resignation was ultimately a result of other instances, including feeling overworked because her supervisors called her after working hours and on holidays. (N.T., at 22.) Claimant presented the Employer's harassment policy as evidence at the referee hearing, arguing that Employer did not comply with its own policy. (N.T., at 29.) Claimant also alleged that, prior to their July 20, 2017 meeting, the HR Director and CEO deleted certain emails from her work email account. (N.T., at 7-8.)

Based upon a complete review of the record, we must conclude that substantial evidence supports the Board's determination in this case. Claimant presented no evidence to suggest that her voluntary termination was a result of unjust accusations, abusive conduct, or profane language. Instead, the record indicates that Claimant's disagreement and unwillingness to comply with the PIP ultimately led to her termination. Therefore, Claimant did not meet her burden to establish a necessitous and compelling reason for her resignation.

**Conduct of Hearing by Referee**

Claimant argues that she was denied her due process rights based upon the manner in which the referee conducted the November 15, 2016 hearing. Specifically, she asserts that he interfered with her counsel's prosecution of the case, overlooked certain testimony, and badgered witnesses.

"The essential elements of due process are notice and an opportunity to be heard in a full and fair hearing before an impartial decision maker." *Leone v. Unemployment Compensation Board of Review*, 885 A.2d 76, 80 (Pa. Cmwlth. 2005). To determine whether a claimant was denied her due process rights at a referee hearing, we turn to 34 Pa. Code §101.21, which provides that, in a hearing, the referee may examine the parties and witnesses and shall determine the order in which evidence will be presented. 34 Pa. Code §101.21(a)-(b). In exercising his discretion, the referee is not free to completely disregard the rules of evidence; although he has "wide latitude" regarding the admissibility of evidence, he cannot "improperly refuse to accept relevant competent and material evidence." *Healey v. Unemployment Compensation Board of Review*, 387 A.2d 1025, 1027 (Pa. Cmwlth. 1978).

Here, Claimant's counsel took exception to the manner in which the referee conducted the hearing. While Claimant's counsel was prepared to present his case by questioning Claimant according to their preparation, the referee opted to question the Claimant directly to build the record. The referee made clear that Claimant's counsel would then have a full opportunity to ask any additional questions to Claimant. Although Claimant's counsel did not agree with the referee's preferences, he was not precluded from fully and fairly prosecuting his case.

Claimant also argued that the referee precluded her from presenting all testimony, overlooked certain testimony, and badgered witnesses. A thorough review

of the notes of testimony from the referee's hearing does not support this argument. As we explained, the referee has broad discretion regarding the admissibility of evidence, which is limited by his inability to refuse to accept relevant competent and material evidence. Here, the referee questioned Claimant's counsel regarding the relevance of certain lines of questioning. The referee ultimately concluded that certain testimony was not relevant to the matter before him. Further, there is no evidence that the referee overlooked the testimony of Claimant's former supervisor, Anthony Moore. Rather, the record reveals that the referee considered all testimony presented to him before apparently determining that Employer's testimony and evidence was more credible than that presented by Claimant. Such a determination was "well within a referee's discretion as to questions of credibility and evidentiary weight, and is not within the scope of review of this Court." *Panczak v. Unemployment Compensation Board of Review*, 409 A.2d 929, 932 (Pa. Cmwlth. 1980).

## Conclusion

Because Claimant did not meet her burden of establishing that her voluntary termination was due to a necessitous and compelling reason, and because the referee did not violate Claimant's due process rights related to the November 15, 2016 hearing, we cannot conclude that the Board erred in affirming the referee's decision and order finding Claimant ineligible for unemployment compensation benefits under section 402(b) of the Law.

Accordingly, the Board's order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah Seabreeze,          :
          Petitioner    :
                       :   No.  407 C.D. 2017
          v.           :
                       :
Unemployment Compensation   :
Board of Review,            :
          Respondent  :

## *ORDER*

AND NOW, this 18th day of January, 2018, the order of the Unemployment Compensation Board of Review dated February 17, 2017, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge