426 N.E.2d 1364 (1981)
Regina GORDON, Appellant,
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, As Members of and As Constituting the Review Board of the Indiana Employment Security Division and Thom McAn Shoe Store Company, Appellees.
No. 2-281A66.
Court of Appeals of Indiana, Third District.
October 28, 1981.
*1365 Judith M. Haller, Blanca Bianchi de la Torre, Gary, for appellant.
Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellees.
HOFFMAN, Presiding Judge.
Regina Gordon appeals the denial of her claim for unemployment benefits. The issues raised are:
(1) whether Gordon was denied due process by the Indiana Employment Security Division's failure to inform her of the availability of free legal counsel prior to her hearing before the referee;
(2) whether the Review Board erred in determining that it lacked jurisdiction to reopen Gordon's claim, or in the alternative, to remand the claim to the referee; and
(3) whether Gordon was denied equal protection by the Review Board's refusal to reopen her claim.
The referee's findings which are supported by the evidence presented at the hearing and adopted by the Review Board are as follows:
"The evidence shows that the claimant worked for this employer for the period from August 9, 1980, to October 4, 1980. The claimant last worked for this employer as an assistant manager trainee. The evidence further shows that the claimant voluntarily left her employment on October 4, 1980. The claimant felt that she had another job secured prior to her leaving; *1366 however, this job did not materialize. The claimant left her employment because she felt it was too far to commute to work. The claimant had been transferred from the Merrillville store to the Joliet store and had worked in the Joliet store for approximately one week when she made her decision to leave her employment. The claimant was satisfied with the work that she performed for this employer. Work was available for the claimant with this employer at the time of her leaving. The claimant's job was not in jeopardy, as the employer was satisfied with the claimant as an employee. The employer would consider the claimant for rehire. Further, at the time of hire the claimant indicated that she would be willing to relocate as an employee of this employer."
After the Review Board affirmed the referee's denial of Gordon's claim, Gordon filed a verified petition for reopening of claim and alternatively, notice of intention to appeal. The Review Board denied the petition on the basis of lack of jurisdiction. This appeal followed.
Gordon first asserts as error the failure of the Indiana Employment Security Division to give her notice of the availability of free legal counsel to represent her at the referee's hearing. According to Gordon, this lack of notice violated due process in that she was not represented by counsel at the referee's hearing because she could not afford an attorney and was unaware of the availability of free legal counsel.
The concept of due process with regard to unemployment compensation proceedings was examined by the Indiana Supreme Court in Wilson v. Bd. of Ind. Employment Sec. Div. (1979), Ind., 385 N.E.2d 438, cert. denied 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101. The Court stated:
"Due process is not a technical conception with a fixed content unrelated to time, place and circumstances. Cafeteria Workers v. McElroy, (1961), 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230. Rather, due process is a flexible concept which calls for such procedural protections as the particular situation demands. Mathews v. Eldridge, supra at 424 U.S. 334, 96 S.Ct. 902, 47 L.Ed.2d 33. In order to determine the specific dictates of due process in a given situation, it is necessary to balance three distinct factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, along with the probable value, if any, of additional or substitute procedural safeguards, and; (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail. Id. at 424 U.S. 335, 96 S.Ct. 903, 47 L.Ed.2d 33. 385 N.E.2d at 444.
Generally, in a referee's hearing, the due process right to a fair hearing requires only that the parties be permitted to testify freely and that they not be deprived of their right to counsel or of their right to offer and cross-examine witnesses. Walker v. Review Bd. of Ind. Employment Sec. (1980), Ind. App., 404 N.E.2d 1363.
The procedures to be utilized in hearings before a referee are set out in 640 IAC 1-11-3 (1979 Ed.). The regulation provides:
"All hearings shall be conducted informally in order to determine the substantial rights of the parties. The parties may present such evidence as the referee deems necessary for determining the substantial rights of the parties. The parties to the appeal may appear in person, by attorney, or duly authorized agent or representative, in accord with Regulation 1012 [640 IAC 1-11-12], and shall have the right to examine their own witnesses, present evidence, and cross-examine witnesses of the opposing party. Any referee engaged in conducting such a hearing shall have the right to examine all witnesses and may require the parties to produce any available evidence he may deem necessary for proper determination of the case. Where either party fails to appear or where either party is not represented by an attorney or duly authorized *1367 agent, it shall be the duty of the referee to examine such party's witnesses, and to cross-examine all witnesses of the other party, in order to insure complete presentation of the case. In general, rules of evidence and procedure for the trial of civil causes shall govern proceedings before a referee or the Review Board, but not to such an extent as to obstruct or prevent a full presentation of fact or to jeopardize the rights of any interested party. No improper conduct shall be permitted during the progress of the hearing." (Emphasis added.)
The regulation provides that where a party is not represented by an attorney at the hearing, the referee has a duty to question witnesses in order to complete the record.

See generally, Sotak v. Review Bd. of Indiana Employment, etc. (1981), Ind. App., 422 N.E.2d 445;

Russell v. Review Bd. of Ind., etc. (1981), Ind. App., 415 N.E.2d 774.
A similar provision does not appear in the Medicaid and Aid for Families with Dependent Children regulations[1] cited by Gordon in support of her argument.
The record contains a petition verified by Gordon in which she stated "[t]hat claimant was advised by the Division of her right to be represented at the hearing by legal counsel but she was not advised of the existence of free legal services." Neither Gordon, nor her former employer were represented by legal counsel at the referee's hearing. In addition to allowing Gordon and the employer's representatives to examine and cross-examine witnesses, the referee took an active roll in conducting her own examination of the witnesses. At one point in the hearing the referee asked Gordon, "Are there any other reasons for your leaving?" Gordon answered, "Well, it was just, I didn't have any other reason besides, just the traveling expense because, I was transferred in the Indiana region and I was expected to be transferred to Illinois. But, other than that, I didn't have any other reason." It is apparent from the record that the referee fulfilled her statutory duty to insure complete presentation of the case.
In light of the fact that the referee has a statutory duty to examine witnesses when either party is not represented by an attorney, it cannot be said that a claimant is denied a fair hearing by the absence of a notice informing her of the availability of free legal counsel. Gordon received notice of her right to counsel. When Gordon arrived at the hearing without counsel, the referee adequately questioned the witnesses to insure complete presentation of the case. Gordon's due process right to a fair hearing was not violated.
Gordon next contends that the Division erred in finding that it lacked jurisdiction to reopen her claim. Gordon insists that IC 1971, XX-X-XX-X(g), IC 1971, XX-X-XX-XX (Burns Code Ed.) and 640 IAC 1-11-8 (1979 Ed.) grant the Division jurisdiction to reopen cases.
IC 1971, XX-X-XX-X(g) provides:
"Solely on the ground of obvious administrative error appearing on the face of an original determination, and within the benefit year of the affected claims, the director, or a representative authorized by the director to act in his behalf, may reconsider and direct the deputy to revise the original determination so as to correct the obvious error appearing therein. Time for filing an appeal and requesting a hearing before a referee regarding the determinations handed down pursuant to this Subsection shall begin on the date following the date of revision of the original determination and shall be filed with the board in writing within the prescribed periods as above set forth in subsection (c) of this section." (Emphasis added.)
As noted previously, Gordon stated in her verified petition to reopen her case that she *1368 had been advised of her right to counsel. Additionally, it has been determined that Gordon did not have a due process right to be informed of the availability of free legal counsel. Therefore, there appear to be no obvious administrative errors upon which the case could have been reopened.
IC 1971, XX-X-XX-XX provides in pertinent part:
"Any decision of the review board shall be conclusive and binding as to all questions of fact. Either party to the dispute, the board or the director may, within thirty (30) days after notice of intention to appeal as herein provided, appeal the decision to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions.
"In every such appeal the review board shall be made a party appellee and the review board shall, at the written request of the appellant, prepare a transcript of all the proceedings had before the referee and review board, which shall contain a transcript of all the testimony, together with all objections and rulings thereon, documents and papers introduced into evidence or offered as evidence, and all rulings as to their admission into evidence, which said transcript shall be certified by the chairman of the review board and shall constitute the record upon such appeal. All expenses incurred in the preparation of said transcript shall be charged to the administrative fund. The review board may, upon its own motion, or at the request of either party upon a showing of sufficient reason therefor, extend the limit within which such appeal shall be taken, not to exceed fifteen (15) days. In every case in which such extension is granted, such extension shall appear in the record of the proceeding filed in said Appellate Court of Indiana." (Emphasis added.)
The Review Board, pursuant to the statute, may extend the time limit within which an appeal may be taken. Such an extension is the only power the Review Board possesses pursuant to this statute. An administrative agency has no powers which are not expressly or impliedly granted by statute. Monon R.R. v. Citizens (1970), 146 Ind. App. 620, 257 N.E.2d 846. IC 1971, XX-X-XX-XX cannot be interpreted as impliedly granting the Review Board jurisdiction to reopen a case.
Finally, 640 IAC 1-11-8 provides in pertinent part:
"Each hearing before the Review Board shall be confined to the evidence submitted before the referee unless the same is an original hearing. Provided, however, the Review Board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the referee whose decision forms the basis of the appeal. An application for leave to introduce additional evidence made by either party shall set forth the names and residences of the witnesses whose testimony will be offered and the facts to which they are expected to testify. If the new evidence be documentary, then a copy of the document proposed to be introduced shall accompany the application. Such application, if made by the appellant, must be presented at the time the request for hearing is filed. No additional evidence shall be taken except after not less than ten days notice issued by the Review Board to all parties to such appeal. Such notice shall designate the time when and place at which such additional evidence will be received and shall set forth the names and residences of the witnesses whose testimony will be heard, together with a summary of the facts about which they are expected to testify. It is further provided, however, that if all parties to an appeal are present at a hearing at which the Review Board upon its own motion determines to take additional evidence and such parties voluntarily waive their right of notice of the taking of additional evidence, the Review Board in its own discretion may proceed forthwith in the taking of such additional evidence.

*1369 "The Review Board, at its discretion, may remand any proceeding to a referee for the hearing of additional evidence and the same shall be heard by such referee only under the same conditions and after like notice as is herein provided for the hearing of additional evidence by the Review Board." (Emphasis added.)
The provisions of this regulation govern the procedure for introducing additional evidence to the Review Board which was not introduced at the referee's hearing. The application must be presented at the time the request for a hearing before the Review Board is made. The Review Board has no discretion to disregard this regulation. Such regulations have the force and effect of law.

York; Lazar v. Review Bd. of Ind. Employment Sec. Div. (1981) Ind. App., 425 N.E.2d 707;

Davidson v. Review Board (1974), 160 Ind. App. 221, 311 N.E.2d 472.
Gordon did not petition to reopen her case until after the Review Board had reached its decision. Even if the petition is viewed as an application to introduce additional evidence, it was not timely filed. The petition was therefore properly denied.
Gordon's final argument with regard to her equal protection rights assumes that her due process rights were violated. It has been determined that these rights have not been violated. Gordon's argument must therefore fail.
For the foregoing reasons the decision of the Review Board is affirmed.
Affirmed.
GARRARD and STATON, JJ., concur.
NOTES
[1] Contrary to the assertion Gordon makes in her brief, 470 IAC 9-7-3(22) (1979 Ed.) and 470 IAC 10-6-4(0.20) (1979 Ed.) do not require that notice of free legal services available in the community must be given, but rather, provide "Information and referral services may be provided to help the dissatisfied individual make use of any free services that are available in the community." (Emphasis added.)