**Cornelia SIMMONS, Plaintiff–Appellee,**

**v.**

**Rayburn TRAUGHBER, Commissioner of the Tennessee Department of Employment Security; and Occidental Chemical Corporation, Defendants–Appellants.**

Supreme Court of Tennessee,
at Nashville.

May 21, 1990.

David Kozlowski, Legal Services of South Central Tennessee, Inc., Columbia, for plaintiff-appellee.

Charles W. Burson, Atty. Gen. and Reporter, Stuart F. Patton, Asst. Atty. Gen., for Dept. of Employment Sec.

N. Houston Parks, Trabue, Sturdivant & DeWitt, Columbia, for Occidental Chemical Corp.

## OPINION

DROWOTA, Chief Justice.

The Tennessee Department of Employment Security and Occidental Chemical Corporation, the employer, appeal a decision of the Court of Appeals which reversed the denial of the Plaintiff's unemployment compensation benefits and concluded that the Department of Employment Security's failure to advise Plaintiff of the possible availability of free or low-cost legal representation violated her statutory right to a fair hearing and her constitutional and statutory due process rights. For the following reasons, we modify and affirm the Court of Appeals decision.

Plaintiff, Cornelia Simmons, began working as a laborer for the Defendant, Occidental Chemical Corporation in 1987. In an orientation session, Occidental's representatives stressed the importance of being at

work on schedule. Plaintiff's work history at Occidental shows poor job performance and many absences for injuries and illnesses. Occidental sent Plaintiff several warnings about her high rate of work-related injuries and her poor job performance. In addition, Plaintiff was suspended three times because of her high absenteeism rate and her poor job performance. Occidental fired Plaintiff in October, 1987, for being tardy three times that month.

Plaintiff filed a claim for unemployment benefits. The Agency (Department of Employment Security) denied the claim, and Plaintiff appealed. She received a notice of a hearing before the appeals tribunal to be held on December 10, 1987. The notice contained the following paragraph:

PLEASE BE PREPARED TO TESTIFY CONCERNING THE ISSUE(S) STATED ABOVE. YOU MAY PRESENT WITNESSES. IF SUBPOENAS ARE NEEDED, NOTIFY THE CHIEF OF APPEALS IN WRITING IMMEDIATELY. PLEASE BRING EXTRA COPIES OF ANY RELATED RECORDS TO THE HEARING. YOU MAY BE REPRESENTED BY COUNSEL OR OTHER AUTHORIZED REPRESENTATIVE AT YOUR OWN EXPENSE. FAILURE TO APPEAR MAY RESULT IN A DECISION ADVERSE TO INTERESTED PARTIES. THE HEARING WILL NOT BE RESCHEDULED UNLESS GOOD CAUSE EXISTS. IF YOU CANNOT BE PRESENT PLEASE NOTIFY THIS OFFICE IN WRITING BEFORE OR NO LATER THAN TEN DAYS AFTER THE DATE OF HEARING. SEND ALL REQUESTS TO: APPEALS TRIBUNAL, 300 CORDELL HULL BUILDING, NASHVILLE, TENNESSEE 37219.

Plaintiff appeared at the hearing without counsel and without witnesses. Occidental was represented by counsel and had witnesses who testified on its behalf. The referee informed Plaintiff that she would have the right to cross-examine the witnesses and to testify on her own behalf, but he did not question Plaintiff about her failure to have counsel present for the hearing.

Following the hearing, the referee found that Plaintiff had received several written warnings concerning absenteeism, tardiness, and job performance. Plaintiff was late 3–5 hours on October 23, and then discharged. The referee affirmed the agency's decision that Plaintiff's work conduct constituted disqualifying misconduct under Tenn.Code Ann. § 50–7–303(a)(2)(B).

Following the adverse decision of the Appeals Referee, Plaintiff contacted the Legal Services office in Columbia. That office sought a rehearing from the Board of Review on the ground that Plaintiff was not represented by counsel at the prior hearing and did not know that she needed to produce witnesses. The Board of Review denied the rehearing and affirmed the decision of the Appeals Tribunal.

Plaintiff then filed a petition for certiorari in the Chancery Court of Maury County. The Chancellor reviewed the record filed by the Department of Employment Security and affirmed the decision of the Board of Review.

Plaintiff then appealed to the Court of Appeals, arguing that she was denied a fair hearing because she did not receive adequate notice of her right to counsel. Plaintiff insisted that the notice of the hearing should have included information concerning the possible availability of free or low cost legal representation for those claimants unable to hire counsel at their own expense.

The Court of Appeals reversed the Appeals Board decision and held that the Plaintiff did not receive adequate notice of her right to be represented by counsel at the hearing before the Appeals Board, and that the Plaintiff was prejudiced by not having aid of counsel at the hearing.

The Defendants insist that the Court of Appeals erred in finding that Plaintiff was denied her right to a fair hearing. The Court of Appeals held that Plaintiff's right to a fair hearing had been violated for two reasons. The Court first noted that under both the Tennessee Employment Security Law and the federal Social Security Act a claimant has a statutory right to a fair hearing after denial of a claim for unem-

ployment benefits. Tenn.Code Ann. § 50–7–304(c)(1); 42 U.S.C. § 503(a)(3) (1982). The Court of Appeals then construed the fair hearing statute as requiring notice of the availability of free or low-cost legal assistance. The Court of Appeals also analogized the case at bar to federal Social Security caselaw, and concluded that the Plaintiff was denied her statutory and constitutional due process rights.

We affirm the Court of Appeals decision, but we base our holding solely on public policy grounds and upon our interpretation of the fair hearing statutes. We decline to find that the Plaintiff has been denied any of her constitutional rights.

## NOTICE

■ As the Court of Appeals noted, both the Tennessee Employment Security Law and the federal Social Security Act guarantee a claimant the right to a fair hearing after denial of a claim for unemployment benefits. Tenn.Code.Ann. § 50–7–304(c)(1); 42 U.S.C. § 503(a)(3) (1982). As a general proposition, the right to a fair hearing includes the right to be heard. The right to be heard includes the right to be represented by counsel. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In fact, this guarantee is codified in Tennessee by a provision of the Administrative Procedures Act which is applicable to the Tennessee Department of Employment Security. Tenn.Code Ann. § 4–5–305(b) (1985). It specifies that parties have the right to be represented by counsel at hearings on contested cases. In addition, the Tennessee Commissioner of Employment Security has promulgated a rule providing that claimants have a right to be represented by counsel at hearings in the appeals process if they so desire. Tenn.Comp.R. & Regs. 0560–3–4–.05(2) (1986). For the statutory right to counsel to be effective, however, claimants must, impliedly, have notice that the right exists.

The notice the Department of Employment Security sent Plaintiff said: "You may be represented by counsel or other authorized representative at your own expense." We agree with the Court of Appeals that such notice did not adequately inform the Plaintiff of her right to be represented at the hearing.

The tone of the notice was negative and misleading. For many unemployed claimants, a notice that they can be represented by counsel at their own expense will terminate their interest in obtaining an attorney and seeking benefits under the statute. Therefore, we conclude that because the Plaintiff did not receive full and meaningful notice of her right to be represented by counsel before the Appeals Tribunal, she was denied her statutory right to a fair hearing.

■ Public policy considerations support such an interpretation of the fair hearing and right to counsel statutory requirements. The statutory requirements are designed to protect involuntarily unemployed workers. As the Indiana Supreme Court noted in *Benzins v. Review Board of Indiana Employment Security*, 439 N.E.2d 1121, 1123 (Ind.1982), unemployment security laws are enacted "to provide a claimant and his family with the means to purchase essentials such as food and housing; in turn, the benefits serve the health, morale, and general welfare of the claimant and family." Those concerns prompted the passage of the Tennessee Employment Security Act by our state legislature, which recognized that unemployment compensation serves both the private and the public interest:

As a guide to the interpretation and application of this chapter, the public policy of this state is declared to be as follows: economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state. Involuntary unemployment is therefore a subject of general interest and concern which requires action by the legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard to our economic life. This can be provided by encouraging employers to provide

more stable employment and, by the systematic accumulation of funds during periods of employment, to provide benefits for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The legislature, therefore, declares that in its considered judgment the public good and general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

Tenn.Code Ann. § 50–7–102(a) (1983).

The stated public policy of Tennessee will be furthered by notifying claimants of the possible availability of free or low-cost legal counsel. Inadequate notice of the right to counsel creates a significant risk that a claimant will be unwittingly deprived of unemployment benefits. Advising claimants of the possible availability of free or low cost legal representation would help reduce the risk of an erroneous deprivation, and would thus further Tennessee's stated public policy of insuring benefits for "those persons unemployed through no fault of their own." The cost and trouble to the State would be minimal. The Tennessee Department of Employment Security already sends a notice to all claimants who contest the denial of unemployment benefits. All that would be required is the addition of one extra sentence on the form, advising claimants that if they could not afford counsel, free or low-cost counsel might be available. The potential benefit to a claimant far outweighs the burden imposed on the State to notify each claimant that the services may be available.

## PREJUDICE

■ The failure of the Tennessee Department of Employment Security to inform Plaintiff of the availability of free or low-cost representation does not per se show prejudice and require that a new hearing be conducted on Plaintiff's claim. In the instant case, however, the Court of Appeals determined that the failure to have counsel present resulted in prejudice to the Plaintiff; therefore, Plaintiff was entitled to a new hearing. On appeal, Defendants argue that the Court of Appeals erred in finding prejudice.

The Defendants' argument is without merit. We affirm the Court of Appeals' finding that Plaintiff was prejudiced by the lack of counsel. As the Court of Appeals noted, the adversarial nature of the hearing makes counsel especially important in employment security cases. Unlike unemployment claims hearings in other states, in Tennessee the Board of Review referee has no statutory duty to examine witnesses and develop the record fairly when either party to the unemployment compensation hearing is not represented by an attorney. *See, e.g., Gordon v. Review Board of the Indiana Employment Security Division,* 426 N.E.2d 1364 (Ind.App.1981).

In the case at bar, the employer had an attorney, who had examined the documentary evidence prior to the hearing. The employer's counsel was familiar with the case and presented testimony logically and efficiently. The presentation of the evidence included witnesses who spoke on the employer's behalf. Employer's counsel also cross-examined Plaintiff effectively, and raised hearsay objections to portions of her testimony.

Plaintiff, on the other hand, did not have access to the documentary evidence prior to the hearing. She was ill-prepared to rebut specific assertions made by the employer and was not able to cross-examine the employer's witnesses. She did ask the principal witness a few unfocused questions, but finally said, "[T]here was [sic] some things that I wanted to ask, but I can't remember what they were." In addition, testimony that Plaintiff had been tardy during her last week of employment was hearsay which the Plaintiff unknowingly allowed without objection. Plaintiff was a laborer with Occidental. She had no legal training or experience. Because of her lack of skill, she was not able to adequately express herself at the hearing.

In finding that Plaintiff was guilty of misconduct, the Appeals Tribunal focused on absenteeism and tardiness. In affirming the decision made by the Department of Employment Security, the Trial Court found that

> [i]n June, 1987, she missed work because she "overslept" and did not report in. There is evidence in the record that she was late for work on October 19, and October 22, 1987, and further evidence that was three and one-half hours late on October 23, 1987, all after repeated warnings of her job performance.

The key element appears to be the tardiness, along with the excessive absenteeism. The record reveals that the Plaintiff received various warnings about her absenteeism and excessive job injuries. In fact, the Plaintiff was suspended on three separate occasions. Unexcused and unjustified absenteeism can be a basis for a finding of misconduct. *Wallace v. Stewart*, 559 S.W.2d 647, 648 (Tenn.1977).

The record, however, shows that most of Plaintiff's absences were for illnesses and job-related injuries. An employee can be fired for excessive absenteeism due to illnesses and injuries. See *Whittaker v. Care–More, Inc.*, 621 S.W.2d 395 (Tenn.App.1981). Absences due to illnesses and job injuries, however, do not constitute misconduct under the Employment Security Law. Other than illness and injury related absences, Plaintiff missed work on the days she was suspended, and she took time off with permission in August for personal reasons. The only day Plaintiff was absent without cause was when she overslept on August 25. A competent attorney, through efficient cross-examination and introduction of medical records, may have been able to show that Plaintiff was absent so frequently because of injuries and poor health.

The employer also focused on the tardiness in October. The employer alleges that Plaintiff was fifteen minutes late on October 19 and October 22, and 3½ hours late on October 23. Plaintiff had car trouble on October 23 and does not contest she was late. The proof that Plaintiff was tardy on the 19th and 22nd, however, was hearsay. A witness for the employer testified that a guard told him that Plaintiff had arrived at work late those days. The guard was not present and did not testify at the hearing. A competent attorney would have objected to this hearsay testimony.

We affirm the Court of Appeals finding that Plaintiff was prejudiced by the lack of counsel. In addition, we find that the Plaintiff's lack of counsel more likely than not affected the merits of the final decision of the Board of Review. *See* Tenn.Code Ann. § 50–7–304(i)(3).

We agree with the Court of Appeals that the rule announced in this case should not be given retroactive effect. It shall only apply to those cases heard by the appeal tribunal from and after the date the mandate issues in this case. *See State ex rel. Anglin v. Mitchell*, 596 S.W.2d 779 (Tenn. 1980).

The judgment of the Court of Appeals is modified and the cause is remanded to the Commissioner of Employment Security for a new hearing on Plaintiff's right to unemployment benefits. The costs are taxed to the Appellant.

HARBISON and O'BRIEN, JJ., concur.

FONES and COOPER, JJ., dissenting. See separate opinion.

FONES, Justice, dissenting.

The error in the proceeding in this case was committed by the Board of Review when it denied Plaintiff's motion for a rehearing when she appeared with counsel obtained through the Legal Services Office in Columbia. The record in this case is replete with Plaintiff's tardiness and she was also tardy in finding a free lawyer, but she was able to do so without a "one extra sentence on the form advising claimants that if they could not afford counsel, free or low-cost counsel might be available."

The problem with that one sentence remedy in my opinion, is that if it is needed, it is insufficient. It should contain the name, address and telephone number of all Legal Service offices and Lawyer Referral Service offices in the area. Even then there

will be instances when a claimant will appear without counsel and after losing seek a rehearing with counsel. When they do, I say, give them a rehearing.

I agree that all claimants are entitled to a fair hearing. I think the one sentence addition is inadequate to insure that all claimants will appear with counsel. There will always be those who will not complain until they have lost at the hearing level, regardless of what information the notice contains. The only cure for those claimants is to give them another hearing with counsel, whenever they decide to ask for it.