# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

THOMAS E. MOREFIELD, II,     )
    )
    Petitioner/Appellant,     )
    )   Appeal No.
VS.     )   01-A-01-9807-CH-00385
    )
O'BRIEN HEATING AND COOLING,     )   Davidson Chancery
INC., HAZEL ALBERT, in her official     )   No. 97-3854-I
capacity as acting COMMISSIONER     )
OF EMPLOYMENT SECURITY, AIR     )
CONDITIONING SERVICE, INC., and     )
LIBERTY HEALTHCARE,     )
    )
    Respondents/Appellees.     )

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

ROBERT ORR, JR.
210 Third Avenue, North
P. O Box 190683
Nashville, Tennessee 37219-0683
    Attorney for Petitioner/Appellant

PAUL G. SUMMERS
Attorney General and Reporter

DOUGLAS EARL DIMOND
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243-0499
    Attorney for Respondents/Appellees

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

In this case the question is whether an employee's failure to return to work after an on-the-job injury is misconduct that disqualifies him for unemployment benefits. The Chancery Court of Davidson County affirmed the denial of benefits by the Department of Employment Security's Board of Review. We affirm.

## I.

In the fall of 1996, Thomas Morefield injured his back on the job as an air conditioner service technician. He continued to work with increasing pain until January of 1997, when he left the job to get medical attention. In February of 1997, Mr. Morefield's doctor released him to return to work with a twenty-five pound lifting restriction. Mr. Morefield, however, failed to report back to work. He thought he could not do the heavy lifting involved, and he did not check with his employer to see if he could be assigned to light duty, or to the office staff. There is proof in the record that if he had reported for work, the employer would have provided Mr. Morefield with work that he could perform.

Since Mr. Morefield did not return to work, his employer terminated him on March 27, 1997. The reason stated in the termination letter was the failure to return to work for thirty days after being released by the doctor.

Mr. Morefield applied for unemployment compensation, but the Board of Review affirmed an Appeals Tribunal's denial of benefits "under Tenn. Code Ann. § 50-7-303(a)(2)" (misconduct connected with the claimant's work). The Chancery Court of Davidson County affirmed the Board's decision.

## II.

Mr. Morefield does not dispute the facts nor the main points relied on by the Board. He concedes that had he voluntarily quit his job he would have been

disqualified from receiving benefits. Tenn. Code Ann. § 50-7-303(a)(1). He also concedes that excessive absenteeism can be misconduct connected with his work under Tenn. Code Ann. § 50-7-303(a)(2). *See Wallace v. Stewart*, 559 S.W.2d 647 (Tenn. 1977); *Simmons v. Traughber*, 791 S.W.2d 21 (Tenn. 1990); *Simmons v. Culpepper*, 937 S.W.2d 938 (Tenn. App. 1996).

He argues, however, that the same cases hold that absences due to illnesses and job injuries do not constitute misconduct under the statute. We agree. But the Board found that his refusal to return to work after being released by his doctor (albeit with lifting restrictions) was unjustified. The chancellor concurred and made this finding of fact:

> The court finds that petitioner was not absent from work due to his job-related injury because, his doctor had released him to return to light duty work and his employer was prepared to make light duty work available to him. Nevertheless, petitioner made a deliberate decision not to contact his employer or offer himself for work between the time he was released from his doctor on February 25, 1997 and March 27, 1997, the date he was terminated from his employment.

Our duty is to determine if the Board's "findings, inferences, conclusions, or decisions are '[u]nsupported by evidence which is both substantial and material in light of the entire record.'" *Simmons v. Culpepper*, 937 S.W.2d 938 at 943 (Tenn. App. 1996). *See* Tenn. Code Ann. § 50-7-304(i)(2)(E). We are of the opinion that the Board's conclusion and the chancellor's finding are supported by substantial and material evidence.

We affirm the judgment of the trial court and remand this cause to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

- 4 -

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE