IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**LORETTA TRULL,**

     Petitioner-Appellant,

                                   Crockett Chancery No. 6967

Vs.                                C.A. No. 02A01-9603-CH-00041

**MARGARET CULPEPPER,**
**Commissioner of Tennessee**
**Department of Employment**
**Security and KERR PLASTIC**
**PRODUCTS; MANPOWER**
**TEMPORARY SERVICES,**

     Defendants-Appellees.

_____

FROM THE CHANCERY COURT FOR CROCKETT COUNTY
THE HONORABLE GEORGE R. ELLIS, JUDGE

Beth S. Bates of Jackson
For Appellant

Charles W. Burson, Attorney General and Reporter
Robeter W. Stack of Nashville
Jennifer H. Small, Deputy Attorney General
For Appellee, Culpepper

*AFFIRMED*
Opinion filed:

                                           **W. FRANK CRAWFORD,**
                                           **PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**
**HEWITT P. TOMLIN, JR., SENIOR JUDGE**

     This is an unemployment compensation case. Petitioner, Loretta Trull, appeals from the

order of the chancery court dismissing her petition for certiorari and affirming the decision of

the Board of Review that disallowed her claim for unemployment compensation benefits.

     Trull was a machine operator for Kerr Plastic Products (Kerr) from April 1994 to March

1995.[1] Kerr has an attendance policy where employees accumulate points for each absence or tardiness incident. An employee is assessed six points for a day of absence, an additional three points if that employee fails to notify Kerr of the upcoming absence at least one-half hour prior to the scheduled start of the shift, and two points for any tardiness. An employee who reaches 50 points is automatically terminated.

On March 7, 1995, Trull reached 50 points and, on March 9, 1995, she was terminated for excessive absences. The points were accumulated over a three month period, from December 1994 through March 7, 1995. Trull's points mostly resulted from family illnesses over that period to herself, her daughter, and her mother. According to Beth Wiseman, Human Resources Manager at Kerr, twenty-seven of the points were from Trull's illnesses and twenty-three were for family emergencies. In addition to the illnesses, Trull was tardy one day and was absent one day because of her daughter's wedding. On January 24, 1995, Trull received a verbal warning about her point total. However, she accumulated more points, and on February 21, 1995, she received a written warning. On March 6 and 7, 1995, Trull was absent because her mother was in intensive care at the hospital. The only fact in dispute is the time of a phone call made by Trull on March 6 to notify Kerr that her mother was ill. Kerr claims the call was within one-half hour of Trull's scheduled shift which is in violation of its policy and, therefore, they assessed her an additional three points. Trull claims the call was ten minutes earlier than Kerr claims, and she should not have been assessed the additional three points. However, the additional points forced her total over the set level of 50 points, and she was terminated.

Kerr's policy does not require medical proof of an illness, so Trull did not provide medical documentation for the illnesses or the emergencies. Basically Kerr's policy is a no-fault policy, but the employee can work off the points if he or she works for a period of time without accumulating more points. In addition, a Kerr employee may request personal time off or a personal leave of absence to attend to family emergencies or personal illness without accumulating points. To be effective, the request for a leave of absence must be in writing. Trull claims that she attempted to request a leave of absence, however, her request was not in writing and, therefore, was not honored by Kerr.

---

[1] Before joining Kerr as a permanent employee, Trull was assigned to Kerr as a temporary employee through Manpower Temporary Services.

Trull filed a claim for unemployment benefits on March 22, 1995. The Tennessee Department of Employment Security (TDES) denied the claim for unemployment benefits based on T.C.A. § 50-7-303(a)(2) (Supp. 1996). The TDES decision states: "Claimant was discharged from most recent employment because of excessive tardiness and/or absenteeism. Evidence shows that there were warnings prior to discharge. This is considered work-related misconduct. Claim is denied under TCA 50-7-303." Trull appealed the denial and a hearing was held on May 11, 1995. On May 16, 1995, the Appeals Tribunal affirmed the TDES decision. The decision of the Appeals Tribunal states in part pertinent to this appeal as follows:

> FINDINGS OF FACT: The appeal was filed timely, and the Appeals Tribunal has jurisdiction. Claimant's most recent employment prior to filing this claim was with Kerr Plastics Products, from April 8, 1994 until March 9, 1995. She was discharged for excessive absenteeism. Claimant had worked for the employer approximately 13 months and was absent or left early 12 times. Some of the absences were because of family illness and personal illness. None of the personal illnesses were documented by a doctor's statement. On January 28, 1995, claimant received a verbal warning. On February 24, 1995, she received a written warning about her absenteeism.
> CONCLUSIONS OF LAW: Although the claimant did have some mitigating circumstances causing her to miss scheduled work, her accumulated absences were what caused her to be discharged and not any single instance of absenteeism. Claimant was unable to substantiate with medical proof a need to be off work. Therefore, the Appeals Tribunal finds that claimant violated the very liberal attendance policy of the employer, and also violated a duty she had to report for scheduled work even after being warned. Therefore, it is found that 12 attendance policy infractions in a 13 month period is misconduct under TCA § 50-7-303 (a)(2). Therefore, taking into consideration the strong agreement [sic] of the claimant's counsel, the decision of the Agency which denied the claim is affirmed.
> DECISION: The claimant is not eligible for unemployment benefits under TCA § 50-7-303 (a)(2). The claim is denied as of the date of filing and until the claimant qualifies for benefits in accordance with the Tennessee Employment Security Law.

Trull appealed the Tribunal's decision to the TDES Board of Review. The Board of Review adopted the Tribunal's findings of fact and conclusions of law and affirmed the decision. On July 21, 1995, Trull filed her petition for *certiorari* in the Chancery Court of Crockett County, and the Chancellor subsequently found that the Board of Review's decision was supported by the evidence, affirmed its decision, and dismissed the petition. Trull has appealed, and presents the issues as follows: 1) whether her personal and family illness related absences were "work related misconduct" within the meaning of T.C.A. § 50-7-303(a)(2); and 2) whether or not

misconduct occurred because she was mistakenly assessed three discipline points too many and thus should not have been terminated pursuant to Kerr's own policy. The issue we must decide is whether the Board of Review's decision that Trull is not entitled to unemployment compensation benefits is supported by substantial and material evidence.

The standard of judicial review applicable in unemployment compensation benefit cases where the trial court sits as an appellate court is set forth in T.C.A. § 50-7-304(I)(2) and (3) (Supp. 1996):

> (2) The chancellor may affirm the decision of the board, or the chancellor may reverse, remand, or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
>     \*     \*     \*     \*     \*     \*     \*
>
> (E) Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> (3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact. No decision of the board of review shall be reversed, remanded, or modified by the chancellor unless for errors which affect the merits of the final decision of the board.

Substantial and material evidence is such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration. *Southern Ry. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984) (citations omitted). Courts should not disturb a reasonable decision of an agency which has expertise, experience and knowledge in a particular field. *Id.*

This Court must apply the same standard as the trial court in reviewing the trial court's decision in an unemployment compensation case. *Ford v. Traughber*, 813 S.W.2d 141, 144 (Tenn. App. 1991). In *Sabastian v. Bible*, 649 S.W.2d 593, 594-5 (Tenn. App. 1983), we stated:

> In order to sustain the Board of Review's application of the provisions of the statute, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in a judicial proceeding. The reviewing court's function is severely limited. All that is needed to support the commission's interpretation is that it has warrant in the record and a reasonable basis in law.

The Board's ruling disqualifying Trull for benefits was based upon T.C.A. §

50-7-303(a)(2) (Supp. 1996) which we quote in pertinent part:

> **50-7-303. Disqualification for benefits. --** (a) Disqualifying Events. A claimant shall be disqualified for benefits:
> (2) If the commissioner finds that the claimant has been discharged from such claimant's most recent work for misconduct connected with such claimant's work, such disqualification shall be for the duration of the ensuing period of unemployment and until such claimant has secured subsequent employment . . . ."

Trull was terminated by Kerr because repeated absences and tardiness caused her to accumulate 50 points, the termination level under Kerr's policy. Trull argues that her absences for family and personal illness were beyond her control, and therefore, not misconduct. Trull does not dispute that she was absent, but, instead contends that her absences were not work-related misconduct.

The unemployment compensation statutes were enacted for the benefit of the unemployed, and since the disqualification for benefits because of misconduct connected with work is penal in nature, a liberal construction of the statute in favor of the employee is required. *Weaver v. Wallace*, 565 S.W.2d 867, 869-70 (Tenn. 1978); *Miotke v. Kelley*, 713 S.W.2d 910, 913 (Tenn. App. 1986). The General Assembly did not provide a definition of misconduct connected with employment. Therefore, misconduct within the meaning of T.C.A. § 50-7-303(a)(2) must be determined on a case by case basis. *Miotke*, 713 S.W.2d at 913. The burden of proving the disqualification for benefits rests on the employer. *Id*.

Excessive absenteeism may be the basis of a finding of misconduct warranting the denial of unemployment benefits, but that level of absenteeism must be determined on an ad hoc basis. *Wallace v. Stewart*, 559 S.W.2d 647, 648 (Tenn. 1977), *Miotke*, 713 S.W.2d at 913. In *Wallace*, the Supreme Court considered whether absenteeism could be misconduct:

> No aspect of contract of employment is more basic than the right of the employer to expect employees will appear for work on the day and at the hour agreed upon. Persistent failure to honor that obligation evinces a substantial disregard for the employer's interest and may justify a finding of misconduct connected with the employment.

*Wallace*, 559 S.W.2d at 648.

While unexcused and unjustified absenteeism can be a basis for finding misconduct, absences due to illnesses and job injuries do not constitute misconduct under the Employment Security Law. *Simmons v. Traughber*, 791 S.W.2d 21, 26 (Tenn. 1990). Trull relies on

*Simmons* to establish that her absences were not misconduct. In *Simmons*, the Supreme Court remanded the cause to TDES for a new hearing. *Id.* at 26. However, the Court remanded the case because the plaintiff was prejudiced by lack of counsel not because some of the plaintiff's absences were excused. *Id.* The Supreme Court stated that "[a] competent attorney, through efficient cross-examination and introduction of medical records, may have been able to show that Plaintiff was absent so frequently because of injuries and poor health." *Id.*

In the instant case, Trull was properly represented by counsel and presented witnesses and evidence. However, the agency, the Appeals Tribunal, the Board of Review, and the chancery court all felt that Kerr had carried its burden of proving that her excessive absenteeism was misconduct. We believe that substantial and material evidence supports the Board's decision that Trull's pattern of absences and tardiness constituted misconduct related to her work. Like the Appeals Tribunal and the Board of Review, we believe that she "violated the very liberal attendance policy of the employer, and also violated a duty she had to report for scheduled work even after being warned."

Trull was terminated after she reached Kerr's policy level of 50 points. Only twenty-seven of those points were for her own illnesses. We do not believe that an absence to attend to an adult daughter's illness or to participate in the daughter's wedding is excusable. In addition, Kerr provided a policy that allowed employees to take a personal leave of absence when confronted with a family crisis like Trull faced when her mother was in intensive care. However, Trull did not follow Kerr's policy and did not appear for work. Although the cause of the absences is unfortunate, Trull's inability to follow Kerr's policy resulted in her termination. These absences are part of a pattern of actions by Trull that show a "substantial disregard for the employer's interest." *Wallace*, 559 S.W.2d at 648.

From our examination of the entire record, we find substantial and material evidence to support the decision of the Board of Review that Trull's absences and tardiness constituted misconduct related to her work as provided in T.C.A. § 50-7-303(a)(2) (Supp. 1996). The judgment of the chancery court is affirmed, and the costs of this appeal are assessed against Trull.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**